IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO,<br><br>             Plaintiff,<br><br>     vs.<br><br>PROXIMO SPIRITS, INC. and AGAVERA CAMICHINES, S.A. DE C.V.,<br><br>             Defendants.<br>_____/ | CASE NO. CV-F-10-411 LJO SKO<br><br>**ORDER TO STAY DEFENDANTS' MOTION TO DISMISS AND TO ALLOW PLAINTIFF TO CONDUCT LIMITED DISCOVERY**<br>(Doc. 29) |

### INTRODUCTION

Plaintiff E& J Gallo ("Gallo") filed this Declaratory Judgment Act, 28 U.S.C. §§2201-2202 ("DJA"), action seeking a declaration that Gallo's "Familia Camarena" tequila bottle and packaging does not infringe on the trademark or trade dress of "1800 Tequila." Defendants Proximo Spirits, Inc. ("Proximo") and Agavera Camichines, S.A. de C.V. ("Agavera") move to dismiss Gallo's DJA action, arguing that Gallo has alleged no facts to link Promixo or Agavera to the conduct that gives rise to the alleged case or controversy. Defendants argue that neither Proximo nor Agavera has sent any communications to Gallo concerning the Camarena trade dress in the United States or the sale of Familia Camarena in the United States. Gallo argues that defendants and the entity whose actions gave rise to the threat are connected by the "Casa Cuervo," and seek leave to conduct limited discovery to establish this connection. For the following reasons, this Court STAYS defendants' motion to dismiss, and GRANTS Gallo's request to conduct limited discovery to establish subject matter jurisdiction.

## BACKGROUND

Gallo, one of the world's largest wine producers and distributers, decided to enter the United States tequila market. Pursuant to Mexico law, "100% agave" tequila can only be produced and bottled in Mexico. Gallo contracted with a tequila supplier in Mexico, Tequila Supremo, S.A. de C.V. ("Tequila Supremo"), to produce Familia Camarena tequila. Pursuant to the agreement between Gallo and Tequila Supremo, Familia Camarena tequila was to be distributed only in the United States, with Gallo as the sole distributer. Camarena Familia tequila is not available to be sold in Mexico.

1800 Tequila is also produced in Mexico. Defendant Proximo is the sole importer of 1800 Tequila in the United States. Defendant Agavera owns the exclusive United States trademark and trade dress rights to 1800 Tequila in the United states. Non-party Ex Hacienda Los Camichines, S.A. de C.V. ("Hacienda") owns the 1800 Tequila trademark and trade dress rights in Mexico. According to Gallo, Agavera and Hacienda are part of "Casa Cuervo," which controls that Jose Cuervo network of companies.

In February 2010, Tequila Supremo began bottling Familia Camarena Tequila and shipping it to Gallo in California. Gallo planned an early March 2010 launch date of its new tequila in the United States market. After Tequila Supremo began shipping the tequila to Gallo, but before Gallo's planned launch date, Tequila Supremo received a cease-and-desist letter concerning the Familia Camarena Tequila bottle.[1] The cease and desist letter is signed on behalf of Hacienda. The letter is written on Case Cuervo letterhead and features a prominent Jose Cuervo logo at the top. The cease and desist letter notes that Tequila Supremo "plans to launch a tequila under the brand name CAMARENA," and includes a picture of the Familia Camarena Tequila bottle. The letter claims that the Familia Camarena bottle design is "similar to the point of causing confusion" with the bottle design of 1800 Tequila. The cease and desist letter demands that Tequila Supremo "abstain from distributing and/or marketing tequila under the trademark CAMARENA with the [bottle] design," and that it "abstain from any type of advertising (exterior or interior signage, promotion, etc.) showing the CAMARENA tequila bottle." The cease and desist letter concludes with a threat of "pertinent legal action."

---

[1] The original cease and desist letter is written in the Spanish language. Gallo provides the original and a copy translated to the English language by Language Line Services as exhibits in opposition to the instant motion.

Gallo alleges that the cease and desist letter placed it under a "legal cloud." According to Gallo, the company's "carefully planned rollout of Camarena Tequila in the United States was suddenly at risk." Gallo explains: "Knowing the House of Cuervo to be a well-financed, aggressive competitor, Gallo reasonably concluded that suit to stop its distribution of Camarena Tequila in the U.S. was imminent." Faced with the "explicit threat of legal action claiming infringement, Gallo needed clarification of its rights." Accordingly, Gallo filed the instant DJA action on March 8, 2010.

Gallo began distribution of Familia Camarena Tequila in March 2010. It currently sells the product in California and Nevada. Distribution to the balance of the United States is in progress.

Defendants moved to dismiss this action on July 22, 2010. Gallo opposed the motion on August 24, 2010. Defendants replied on August 24, 2010.

In their reply, defendants present evidence that Hacienda initiated a trade mark infringement proceeding against Tequila Supremo in Mexico in June 2010. In addition, defendants submit evidence that Gallo applied for trade mark and trade dress rights for the Familia Camarena tequila in Mexico, but that Gallo's applications were rejected. The rejections cite the 1800 Tequila marks already registered.

### STANDARDS OF REVIEW

#### Fed. R. Civ. P. 12(b)(1) review standards

In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General*

*Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged.  In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged and this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

Defendants present both a facial and factual challenge to Gallo's complaint.  In the factual challenge, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40 n.2.

**Fed. R. Civ. P. 12(b)(6) review standards**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550

U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S. App. LEXIS 15694, *14 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### Discussion

### Fed. R. Civ. P. 12(b)(1) motion

Gallo argues that Congress passed the DJA precisely to protect the sort of claim presented in this action. Gallo filed this declaratory judgment action because its tequila supplier in Mexico received a cease and desist letter from defendants' Mexican affiliate that threatened legal action to stop the advertising, distribution, and sale of Familia Camarena tequila. The letter claimed that Familia Camarena Tequila is packaged in a bottle that is "confusingly similar" to defendants' 1800 Tequila bottle design. The letter threatened immediate legal action to enforce its demands. Because Gallo sells its tequila in the United States only, only United States consumers would be affected if the accused trade dress was "confusingly similar" to the 1800 Tequila trade dress. Defendants' asserted, yet unfiled, legal

claim "clouds the competitive landscape," "chilling Gallo's investment, disrupting its new product launch and threatening its business plan." On these facts, Gallo asserts that jurisdiction exists.

Defendants argue that because either Promixo nor Agavera have had any communications with Gallo or Tequila Supremo concerning the United States Camarena Trade dress or the sale of Familia Camarena in the United States, Gallo has failed to allege sufficient facts to create a case or controversy against them for Gallo's DJA or unfair competition claims.

The DJA provides: "In a case of actual controversy within its jurisdiction,...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201. The DJA "actual controversy" requirement is consistent with the Article III requirement to adjudicate only "actual cases or controversies." See, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "The disagreement must not be nebulous or contingent but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 244 (1952) (quoted in *Rhoades v. Avon Prods*., 504 F.3d 1151, 1157 (9th Cir. 2007)). "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades*, 504 F.3d at 1157.

To determine whether an "actual controversy" exists for DJA and Article III purposes, this Court considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. The "all the circumstances" test set forth in *MedImmune* relaxed and replaced an already "flexible approach" in the Ninth Circuit "that is oriented to the reasonable perceptions of the plaintiff." *Chesebrough-Pond's, Inc. v. Faberge, Inc*., 666 F.2d 393, 396 (9th Cir.), *cert. denied*, 459 U.S. 967 (1982). In *Faberge,* the Ninth Circuit explained:

> [T]he requirements of the Declaratory Judgment Act [are] satisfied if the plaintiff has a real and reasonable apprehension that he will be subject to liability . In applying this standard, we focused upon the position and perceptions of the plaintiff, declining to identify specific acts or intentions of the defendant that would automatically constitute a threat of litigation. The acts of the defendant were instead to be examined in view of

6

    their likely impact on competition and the risks imposed upon the plaintiff, to determine
    if the threat perceived by the plaintiff were real and reasonable.

*Id*. (internal quotations and citations omitted).  The "all the circumstances" test is a "more lenient legal standard" that "facilitates or enhances the availability of declaratory judgment jurisdiction[.]" *Micron Tech. v. Mosaid Techs. Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).

    Defendants argue that Gallo cannot establish that there is an actual controversy because the defendants have not acted to threaten Gallo or Gallo's United States' intellectual property rights.  Defendants claim that there is no threat to Gallo, and no controversy established, under the circumstances, where a Mexican entity sent a cease and desist letter to a separate Mexican entity based on Mexican copyright law, threatening action in Mexico.  Defendants insist that there is no connection between them and Hacienda, the entity that sent the cease and desist letter to Tequila Supremo and argue that the threat, if any, was to Tequila Supremo rather than Gallo.

    Gallo contends that the defendants and Hacienda are associated under the "House of Cuervo."  Gallo explains that it is still investigating the relationships between defendants and the other Casa Cuervo entities.  Gallo believes that Hacienda and Agavera are subsidiaries of Tequila Cuervo La Rojena, which is owned, directly or indirectly by Grupo Cuervo.  Gallo admits that it does not yet have full details regarding the relationships between defendants, Hacienda, and Casa Cuervo.

    Gallo requests the opportunity to conduct limited discovery to establish the relationships between defendants and Hacienda.  Gallo contends that this information will establish that the cease and desist letter sent to Tequila Supremo is part of a coordinated strategy by Casa Cuervo that includes a threat to Gallo in the United States.  Specifically, Gallo requests documentary discovery to clarify the relationships among Casa Cuervo and Grupo Cuervo entities, including defendants, Hacienda, and Tequila Cuervo La Rojena and to take depositions of key witnesses.

    Because Gallo bears to burden to establish a connection between the threat of legal action and the named defendants in this action, this Court finds good cause to grant Gallo's request for limited discovery on the relationships between the named defendants and Hacienda, and the connection between defendants and the conduct Gallo alleges to establish an actual, justiciable controversy between the parties pursuant to the DJA and Article III.  *See Laub v. United States Dept. of Interior*, 342 F.3d 1080,

1093 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, this Court:

1. VACATES the August 31, 2010 hearing on this motion;
2. STAYS the pending motion to dismiss;
3. GRANTS Gallo's request to conduct limited discovery. The Court reminds the parties that discovery disputes, if any, should be raised with the United States Magistrate Judge assigned to this action. If a discovery dispute arises, counsel are urged to contact the magistrate judge to set up a conference call to address the dispute informally; and
4. ORDERS the following additional briefing schedule:
   A. Gallo shall filed an amended opposition no later than **October 27, 2010**;
   B. Defendants shall file an amended reply no later than **November 10, 2010**;
   C. After this Court has received and reviewed the parties amended briefs, this Court will determine whether oral argument is necessary.

IT IS SO ORDERED.

**Dated:   August 26, 2010**                      /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE