# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>           Plaintiff,<br><br>           v.<br><br>PROXIMO SPIRITS, INC., a Delaware corporation; AGAVERA CAMICHINES, S.A. DE C.V., a Mexico corporation; and DOES 1-25,<br><br>           Defendants. | Case No.: 1:10-cv-00411 LJO JLT<br><br>ORDER ON DISCOVERY DISPUTE<br><br>(Doc. 47) |

## I.   Background

Plaintiff, E&J Gallo filed this Declaratory Judgment Act, 28 U.S.C. §§2201-2202, action seeking a declaration that Gallo's "Familia Camarena" tequila bottle and packaging does not infringe on the trademark or trade dress of "1800 Tequila." The United States' rights are owned by defendant Agavera Camichines, S.A. de C.V. and the tequila is sold by defendant Proximo Spirits, Inc. in the United States.

Defendants Proximo and Agavera moved to dismiss Gallo's DJA action, arguing that Gallo cannot establish that there is an actual controversy because the defendants have not acted to threaten Gallo or Gallo's United States' intellectual property rights. Defendants have indicated that there is no

connection between them and Ex Hacienda, the entity which sent a cease and desist letter to Gallo's Mexican supplier/bottler of tequila.

Gallo contends that the defendants and Ex Hacienda are "associated" due to their relationship with "Grupo Cuervo." Gallo believes that Ex Hacienda and Agavera are subsidiaries of Tequila Cuervo La Rojena, which they contend is owned, directly or indirectly, by Grupo Cuervo. Gallo contends that the cease and desist letter sent by Ex Hacienda is part of a coordinated strategy by Grupo Cuervo which threatens Gallo's operations in the United States.  Gallo's has sought the right to conduct limited discovery, before the Court determines the merits of the motion to dismiss, to determine the relationships among the Grupo Cuervo entities, including defendants, Ex Hacienda and Tequila Cuervo La Rojena and to take depositions of key witnesses.

In its August 26, 2010, order the Court found good cause to grant Gallo's request for limited discovery. (Doc. 39)  The Court stayed the defendants' motion to dismiss and granted Gallo's request to conduct "limited discovery to establish subject matter jurisdiction on the relationships between the named defendants and Hacienda, and the connection between defendants and the conduct Gallo alleges to establish an actual, justiciable controversy between the parties pursuant to the DJA and Article III." (Doc. 39 at 7)

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request that Defendants be required to supplement their responses to the discovery requests.

**I.    Background**

    **A.    Scope of Discovery**

Although, generally, parties are entitled to "obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense" (Fed.R.Civ.P. 26(b)), at this time, discovery is limited only to the issue of the Court's jurisdiction.  In essence, if Gallo can show that the action of Ex Hacienda, in sending the cease and desist letter, is attributable to defendants based upon their legal relationship to Ex Hacienda through a common "parent-company," Gallo contends that this will convince the Court that DJA jurisdiction is shown because, in that event, an actual case or controversy exists between Gallo and defendants. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

## II. Analysis

### A. Gallo's Requests to Proximo

<u>Request for Admission Nos. 1, 2 & Interrogatory No. 6</u>:

In response to these requests, Gallo seeks to have Proximo admit that it knew of and reviewed the cease and desist letter before it was presented to Gallo's tequila supplier/bottler and to identify everyone who knew of the letter before it was presented to Gallo's tequila supplier/bottler.

In response, Proximo denied that "any individual had knowledge in their capacity as an officer, director, or employee of Proximo" of the letter. Gallo contends that this response is not sufficient because Proximo was required to respond as to "information reasonably available to it, which includes information known to individuals within its relative control" whether the knowledge is held due to their employment relationship with Proximo.

"A corporation must necessarily act through agents, and the general rule is that knowledge of an agent acquired in the ordinary discharge of his duties for the corporation is ordinarily to be imputed to the principal." <u>Ritchie Grocer Co. v. Aetna Casualty & Surety Co.</u>, 426 F.2d 499, 500 (8th Cir. Ark. 1970) "'Generally the knowledge of a corporate officer within the scope of his employment is the knowledge of the corporation . . .'" <u>FDIC v. O'Melveny & Myers</u>, 969 F.2d 744, 750 (9th Cir. Cal. 1992) quoting <u>Meyer v. Glenmoor Homes, Inc.</u>, 246 Cal. App. 2d 242, 264, 54 Cal. Rptr. 786, 800-801 (1967) (citations omitted).

In the context of a Securities and Exchange Commission Rule 10b-5 action, courts have found that, "[D]irect corporate liability may be based on actions that are 'intrinsically corporate and bear the imprimatur of the corporation itself, such as purchase and sale of corporate assets or issuance of reports in the name of the corporation.' Id., at *2." <u>Caterpillar v. Great Am. Ins. Co.</u>, 864 F. Supp. 849, 856 (C.D. Ill. 1994) quoting <u>Naye v. Boyd</u>, Fed. Sec. L. Rep. (CCH P 92, 979 (W.D. Wash. 1986)). Moreover, corporate scienter may be founded upon the collective knowledge of the corporation's officers if it is coupled with an officer's wrongful intent. <u>Nordstrom, Inc. v. Chubb & Son, Inc.</u>, 54 F.3d 1424, 1435 (9th Cir. Wash. 1995).

On the other hand, in the context of an action on a surety bond due to the fraudulent conduct of a single officer, courts have found that the knowledge "of a single officer or trustee or the president

3

cannot be imputed to the corporation, unless it is affirmatively shown that his knowledge was brought home to the board of trustees."

Notably, the question presented to the Court is not whether this evidence will, ultimately, be admitted into evidence. Fed.R.Civ.P. 26(b) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Instead, the parties are permitted to discover relevant evidence which is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 427 U.S. 340, 351 (1978).

Therefore, the Court finds that this set of requests is within the limited discovery permitted by the Court. If Proximo knew of the letter or reviewed it before it was presented to Gallo's tequila supplier/bottler, this raises an inference that the letter was presented by Ex Hacienda *on behalf* of Proximo, despite Proximo's denial that it "directed, ratified or approved" this action. Proximo's response that no officer or employee, within the course of his employment with Proximo, knew of the cease and desist letter implies that officers/employees knew of the letter based upon their association with another entity. The Court finds that knowledge of conduct, whether gained while sitting at a desk at Proximo's office or otherwise, that would protect Proximo's market share and further its core business enterprise is not knowledge that can be divorced from the officer's/employee's/agent's association with Proximo.

Therefore, because the Court finds that the responses are not sufficient, Proximo is **ORDERED** to supplement its response to the discovery requests based upon information within its control, including the information within the knowledge of its officers/agents or within the knowledge of any employee who is vested with the authority to act on behalf of Proximo.

Request for Production No. 27:

This request seeks copies of any agreement between the defendants involving the distribution of the 1800 brand of tequila.

Proximo objects to this request on a myriad of grounds including that it is overbroad, not reasonably calculated to lead to discoverable evidence and that it violates the attorney-client and work product privileges.

Gallo argues that it is entitled to discover this evidence because it believes that the defendants are part of a family of companies under the umbrella of one or more "parent corporations" and that these agreements will evidence these relationships. They argue further that MedImmune, Inc, v, Genetech Inc., 549 US 118 (2007), permits this more expansive discovery. Gallo argues that MedImmune requires the Court to consider "'all the circumstances' in determining whether an 'actual controversy' exists for purposes of DJA jurisdiction . . ." Although the Court agrees that Gallo has stated MedImmune's holding correctly, it does not agree that this entitles Gallo to create a controversy where one did not exist *before* the filing of the DJA complaint.

In MedImmune, the plaintiff disagreed that it owed royalties to the defendant under an earlier patent but paid them because it believed that defendants would terminate the license agreement under which MedImmune operated and would sue for patent infringement. MedImmune sought DJA relief but the trial court dismissed the case, and the Court of Appeals affirmed, because the "the patent licensee [was] in good standing" which "'obliterate[s] any reasonable apprehension' that the licensee will be sued for infringement." MedImmune, at 123. In reversing, the Court determined that, "[P]etitioner was not required, insofar as Article III is concerned, to break or terminate its 1997 license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." Id. at 137. Toward this end, the Court held,

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished fom an opinion advising what the law would be upon a hypothetical state of facts." Id., at 240-241, 57 S. Ct. 461, 81 L. Ed. 617. In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

Notably, the Court first looked to the confines of the complaint to determine whether an actual controversy had been pleaded. Id. at 123-125.

In Gallo's complaint here, Gallo alleged that,

> After many months of preparation, Gallo, one of the country's largest producers of alcoholic beverages, is in the midst of launching a tequila under the trademark FAMILIA CAMARENA. Defendants, competitors in the manufacture and distribution of tequila, have very recently attempted to derail Gallo's new product introduction through an unfounded threat of legal action for trade dress infringement. Defendants' claim has no merit. Rather, it constitutes a competitor's bad faith attempt to disrupt Gallo's impending launch and force Gallo to abandon its plans. This asserted but unfiled claim clouds Gallo's legal position. In order to eliminate any uncertainty and allow Gallo to proceed, Gallo respectfully asks the Court to issue a declaratory judgment confirming that it is not violating any rights of the Defendants, or any of their affiliates, and is free to distribute its FAMILIA CAMARENA tequila in the distinctive trade dress that it has designed.

(Doc. 1 at 2) Gallo's complaint continued,

> In February 2010, Defendants, through one of their Mexican affiliates, sent a cease and desist letter to Tequila Supremo concerning Camarena Tequila. It noted that "Tequila Supremo is about to launch to market a tequila under the mark Camarena," and included a picture of the Camarena Tequila bottle. Defendants objected to the bottle design, contending that it was "confusingly similar" to the bottle design of Defendants' tequila product marketed under the mark 1800 (hereinafter "1800 Tequila"). Defendants demanded that Tequila Supremo "abstain from distributing or commercializing the Camarena brand with the [bottle] design." Defendants further demanded that Tequila Supremo "refrain from any type of publicizing/advertising in which the bottle is depicted or reproduced." Defendants concluded the letter by threatening "legal action."

(Doc. 1 at 4) Based upon these allegations, the Court ordered,

> [T]his Court finds good cause to grant Gallo's request for limited discovery on the relationships between the named defendants and Hacienda, *and the connection between defendants and the conduct Gallo alleges to establish an actual, justiciable controversy* between the parties pursuant to the DJA and Article III.

(Doc. 39 at 7, emphasis added.) Given Gallo's allegations set forth in its complaint, the Court concludes that Gallo asserts that the action in sending the cease and desist letter, if attributable to the defendants, forms the "threat" element for the Court's jurisdiction. The Court has permitted discovery, at this time, *only* as to the bases pleaded in the complaint that supports the Court's jurisdiction.

At the telephonic conference, Gallo clarified that the purpose in making this request was to assure itself that Proximo and Agavera have an enforceable interest in the 1800 Tequila. Nevertheless, the Court agrees that the request is overbroad.[1] The request fails to limit itself to the question of whether there is a relationship between Proximo and Ex Hacienda such that Ex Hacienda's action in sending the

---

[1] The Court has been provided no information to support that producing the agreements violate either the attorney-client or the attorney work product privilege.

6

cease and desist letter may be attributed to Proximo or may be determined to have been sent on Proximo's behalf. Likewise, the request fails to limit itself to the legal right of either Proximo or Agavera to 1800 Tequila. Therefore, the request seeks copies of agreements that have no bearing on the limited question of the Court's DJA jurisdiction. On the other hand, the Court understands that even assuming a relationship between the defendants and Ex Hacienda, if the defendants do not, indeed, have a legal interest in the 1800 Tequila, an infirmity in the Court's jurisdiction would, once again, arise.

Based upon the discussion of the parties at the telephonic conference, the parties agree that Gallo will withdraw this request and, in its place, propound a Request for Admission directed to Proximo in which Proximo will be requested to admit that it owns the sole right to import and distribute 1800 Tequila into the United States.[2] Proximo indicates that it will admit that it is the exclusive importer and distributor of 1800 Tequila in the United States. In fact, this admission is consistent with the declaration of Lisa Derman (Doc. 26, Ex. 2 at 3), submitted in support of Proximo's motion to dismiss, in which she states, "Proximo is only the exclusive importer and national distributor of 1800 tequila in the United States . . ." Id. Given this compromise, the Court **DENIES** the request to supplement as **MOOT.**

Requests for Production Nos. 29, 30, 31, 32:

This request seeks copies of any agreement between Proximo and Tequila Cuervo La Rojena, S.A. de C.V., Proximo and Casa Cuervo, S.A. de. C.V., Proximo and Grupo Cuervo, S.A. de C.V. and Proximo and Jose Cuervo, S.A. de C.V., "including but not limited to agreements involving the distribution of 1800 brand tequila."

Relying upon the rationale set forth above regarding Request for Production No. 27, the Court determines that this request is overbroad. However, the Court **GRANTS IN PART** and **DENIES IN PART** the request for Proximo to supplement its response to provide copies of any agreement between it and Tequila Cuervo La Rojena, S.A. de C.V., Casa Cuervo, S.A. de. C.V., Proximo and/or Grupo Cuervo, S.A. de C.V., that bears upon the relationship between Proximo and Ex Hacienda such that Ex Hacienda's action in sending the cease and desist letter may be attributed to Proximo or may be determined to have been sent on its behalf.

---

[2] The parties confirmed that such a Request For Admission has been propounded already to Agavera and, in response, Agavera has admitted its legal interest in 1800 Tequila.

**B.     Gallo's Requests to Agavera Camichines**

<u>Request for Admission No. 21</u>:

In this request, Gallo seeks to have Agavera admit that it and Ex Hacienda are "Corporate Affiliates," as that term is defined by Gallo.

Agavera objects to the definition of "Corporate Affiliate" set forth by Gallo as, "… any entity which shares ownership or control, directly or indirectly, with the entity in question, or conducts business together with such entity." The parties indicate that they are trying to reach an agreement on an acceptable definition of the term. At the telephonic conference, the parties reported that they continue to work on defining this term in an acceptable fashion. Thus, any decision by the Court at this time would be premature and the request to supplement is **DENIED** as **UNRIPE.**

<u>Interrogatory Nos. 9, 11</u>:

In these requests, Gallo seeks the identity of all people who knew the cease and desist letter before it was presented to Gallo's tequila supplier/bottler or who assisted in drafting it.

For the same reasons set forth above as to Gallo's Requests to Proximo regarding Request for Admission Nos. 1, 2 & Interrogatory No. 6, Agavera is **ORDERED** to supplement its discovery responses based upon information within its control, including the information within the knowledge of its officers/agents or within the knowledge of any employee who is vested with the authority to act on behalf of Proximo.

**ORDER**

Based on the foregoing, the Statement re Discovery Dispute (Doc. 47) is GRANTED IN PART and DENIED IN PART as follows:

1. The request for Proximo to supplement its responses to Requests for Admission Nos. 1, and 2 and Interrogatory No, 6 is **GRANTED**.

2. The request for Proximo to supplement its responses to Requests for Production No. 27, is **DENIED** as **MOOT**;

3. The request for Proximo to supplement its responses to Requests for Production No. 29, 30, 31 and 32, is **GRANTED IN PART** and **DENIED IN PART**;

4. The request for Agavera to supplement its responses to Requests for Admission No. 21,

is **GRANTED**;

5. The request for Agavera to supplement its responses to Interrogatories No.9 and 11, is **GRANTED**.

IT IS SO ORDERED.

Dated:   **October 18, 2010**                                    /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE