# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO, | CASE NO. CV-F-10-411 LJO JLT |
| Plaintiff, | **ORDER ON COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS FOURTH COUNTER CLAIM** |
| vs. | (Doc. 87) |
| PROXIMO SPIRITS, INC. and AGAVERA CAMICHINES, S.A. DE C.V., | |
| Defendants. | |
| and related counterclaims. | |

## INTRODUCTION

E & J Gallo ("Gallo") filed this Declaratory Judgment Act, 28 U.S.C. §§2201-2202 ("DJA"), action seeking a declaration that Gallo's "Familia Camarena" tequila bottle and packaging does not infringe on the trademark or trade dress of "1800 Tequila." In response, defendants Proximo Spirits, Inc. ("Proximo") and Agavera Camichines, S.A. de C.V. ("Agavera") (collectively "counterclaimants") filed a countercomplaint against Gallo, Alto Spirits, Ltd., Ecco Domani USA, Inc., Tequila Supremo, S.A. de C.V. ("Tequila Supremo") and Casa Tequilera Viejo, S.A. de C.V. (collectively "counterclaim

1

defendants").[1] In this motion, counterclaim defendants move to dismiss the fourth counterclaim, which seeks declaratory judgment that certain trademark registrations and applications owned by Tequila Supremo and Gallo are void because of alleged misrepresentations made on the applications. Counterclaim defendants argue that this claim must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) because all statements made in the trademark applications are accurate. For the following reasons, this Court DENIES counterclaim defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the fourth counterclaim.

## BACKGROUND

### Introduction

Gallo contracted with Tequila Supremo, a tequila supplier in Mexico, to produce Familia Camarena tequila. Tequila Supremo distills and bottles Familia Camarena tequila, and Gallo imports it to and distributes it in the United States market. Gallo initiated this action seeking declaratory judgment that Familia Camarena tequila does not infringe on the trade dress of 1800 Tequila. 1800 Tequila is distributed in the United States by Proximo. Agavera owns United States registered trademarks for the trade dress and design mark of the 1800 tequila bottle.

### Pertinent Allegations

Counterclaimants filed a four-count countercomplaint against counterclaim defendants on January 20, 2011. The following allegations of the countercomplaint are relevant to this motion:

Tequila Supremo and Gallo both filed United States Trademark applications to register trademarks related to Familia Camarena tequila. Tequila Supremo owns United States Trademark Registration No. 3,574,282 ("282 Registration") for "Camarena." Tequila Supreme also filed United States Trademark Application No. 77,767,966 ("966 Application") for "Familia Camarena" and United States Trademark Application No. 77,768,066 ("066 Application") for "Familia Camarena 1761." Counterclaimants allege that in the 282 Registration, the 966 Application, and the 066 Application, Tequila Supremo identified itself as the single source of Familia Camarena Tequila. Gallo filed United States Trademark Application No. 77,957,172 ("172 Application") and Application No. 77,957,175

---

[1] Although the fourth counterclaim alleges facts against Tequila Supreme and Gallo only, the counter-complaint does not limit the claim to those counterclaim defendants.

("175 Application") for design marks of the Familia Camarena tequila bottle. In the 172 and 175 Applications, Gallo identified itself as the single source of Familia Camarena Tequila.

Counterclaimants allege that when Gallo filed the 172 and 175 Applications, it was aware that Tequila Supremo had affirmed previously in its 282 Registration, 966 Application, and 066 Application that Tequila Supremo was the sole source of Familia Camarena Tequila. Accordingly, counterclaimants assert that Gallo's affirmations in the 172 and 175 Applications, identifying Gallo as the single source of Familia Camarena Tequila, were fraudulent and made with the intent to deceive the United States Patent and Trademark Office ("PTO"). Based on these allegations, counterclaimants seeks a declaratory judgment that the 282 Registration and the 966, 066, 172, and 175 Applications are void. Counterclaimants further seek an order directing the Commissioner of the PTO to cancel those applications and registration because they fail to comply with one or more requirements of the registration.

### **Counterclaim Defendants' Assertions**

In this motion to dismiss, counterclaim defendants assert that all statements made in the 282 Registration and 966, 066, 172, and 175 Applications (collectively "applications") are truthful and accurate. In addition, counterclaim defendants contend that counterclaimants "single source" theory is unsupported by fact or law, and must be dismissed as an unsupported legal conclusion. To support its assertion that the applications contain no such "single source" identification, counterclaim defendants attach the applications as exhibits to this motion, asserting in a footnote that this Court may take judicial notice of their contents pursuant to Fed. R. Evid. 201. In the alternative, counterclaim defendants note that this Court may take judicial notice of the applications since they are documents whose contents are alleged in a complaint and whose authenticity no party questions. Moreover, counterclaim defendants argue that counterclaimant's "single source" theory is mis-guided and misunderstands trademark licensing law.

### **Procedural History**

Counterclaim defendants moved to dismiss the countercomplaint's fourth cause of action on February 10, 2011. Counterclaimants opposed the motion on February 24, 2011. Counterclaim defendants replied on March 3, 2011. This Court found this motion suitable for a decision without a

hearing and vacated the March 10, 2011 hearing set on this motion pursuant to Local Rule 230(g). Having considered the parties arguments, this Court issues the following order.

### STANDARDS OF REVIEW

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint or countercomplaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff or counterclaimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*,572 F.3d 962, 969 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm

4

*Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). In practice, a counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## DISCUSSION

Counterclaim defendants attack the fourth cause of action factually and legally. Counterclaim defendants dispute that the applications contain inaccurate or fraudulent statements. To support their position, counterclaim defendants mention in a footnote that this Court can take judicial notice of the contents of these documents attached as exhibits to this pending motion. In addition, counterclaim defendants assert that Gallo and Tequila Supremo are co-branding and cross-licensing, which are well-settled and acceptable practices under trademark law. Counterclaim defendants' legal and factual arguments rely on these documents and other facts that do not appear in the countercomplaint. For the following reasons, this Court declines to take judicial notice of the applications and denies counterclaim defendants' motion to dismiss.

Judicial notice is the court's recognition of the existence of a fact without requiring evidence or proof to establish it. *See Castillo-Villagra v. INS*, 972 F.3d 1017, 1026 (9th Cir. 1992). Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of certain facts that "are not subject to reasonable dispute." A fact is not subject to reasonable dispute if "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*.

Counterclaim defendants argue that this Court may take judicial notice of the contents of the applications. While this Court may take judicial notice of administrative agency filings, the Court may only take judicial notice of these documents to establish the fact of such agency action and filings. *See United States v. Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including records and reports of administrative bodies."); *see also, Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001 ) (court may take judicial notice of another court's opinion, but not for the truth of the facts recited therein). Contrary to counterclaim defendants' assumptions, this Court may not take judicial notice of documents filed with an administrative agency to prove the truth of the documents. *See Hennessy v. Penril Datacomm Networks, Inc*., 69 F.3d 1344, 1354-55 (9th Cir.

1995) (court properly refused to take judicial notice of corporation's SEC form to determine disputed fact because "its contents were subject to dispute").

The contents of the exhibits attached to counterclaim defendants' motion do not rise to the "high degree of indisputability" required for judicial notice. *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (citing Fed. R. Evid. 201 advisory committee's note). Counterclaimants allege in their countercomplaint that Gallo and Tequila Supremo each identifies itself as the single commercial source of Familia Camarena tequila. Counterclaim defendants challenge this factual assertion, arguing that the content of the applications establishes that neither Gallo nor Tequila Supremo identified itself as the single source of Camarena Tequila. Counterclaim defendants point to the following "standard declaration included in all U.S. trademark applications" to support their position: "The application has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services." Counterclaim defendants argue that this statement is accurate and truthful because Gallo and Tequila Supremo have licensed the product and trademarks to each other. There is no judicially-noticeable evidence to establish these facts, nor are these facts alleged in the countercomplaint. Without such evidence, the "standard declaration" is ambiguous and subject to dispute. Accordingly, it is inappropriate to take judicial notice of the contents of the applications for the truth of the disputed facts. Because this Court cannot take judicial notice of the contents of the applications for their truth, counterclaim defendants have failed to establish that counterclaimants' fourth cause of action fails as a matter of law.

Moreover, counterclaim defendants' arguments which rely on facts outside of the complaint are inappropriate for a Fed. R. Civ. P. 12(b)(6) motion.[2] Counterclaim defendants rely on the applications and license agreements that fall outside of the complaint to support its position that Gallo is a "party who controls the nature and quality of" the tequila and that the applications are acceptable according to well-settled trademark law practices. Pursuant to the well-settled standards of review for a Fed. R. Civ. P.

---

[2] Rather than oppose the extraneous facts relied on by counterclaim defendants, counterclaimants respond by asserting additional facts outside of the countercomplaint. This Court declines to consider all facts relied upon outside of the countercomplaint, and all arguments upon which these facts rely.

12(b)(6) motion, this Court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD,* 546 F.3d at 588. According to these standards, Gallo's arguments, which rely on documents outside of the complaint and construe an ambiguous statement in the movants' favor, are improper.

Counterclaimants' fourth cause of action, alleging that counterclaim defendants misrepresented in the applications that each is the single commercial source of Familia Camarena tequila, is supported by factual allegations. Counterclaimants allege that when Gallo filed its applications to register the Camarena trade dress, it knew that Tequila Supremo had previously affirmed in its applications to register Camarena trademarks that Tequila Supremo was the sole source of Familia Camarena tequila. The countercomplaint further alleges that notwithstanding this knowledge, Gallo affirmed in its trade dress applications that Gallo was the sole source of Familia Camarena tequila. Based on these factual allegations, counterclaimants' fourth cause of action is plausible. Accordingly, counterclaim defendants' Fed. R. Civ. P. 12(b)(6) motion is denied.

## CONCLUSION

For the foregoing reasons, this Court DENIES counterclaim defendants' motion to dismiss the fourth counterclaim.

IT IS SO ORDERED.

**Dated:   March 10, 2011**                            **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE