# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation, | Case No.: 1:10-cv-00411 LJO JLT |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO SEAL DOCUMENTS RELATED TO MOTION TO AMEND ANSWER TO COUNTERCLAIMS |
| v. | |
| PROXIMO SPIRITS, INC., et al, | (Doc. 101) |
| Defendants. | |

Before the Court is the Request to Seal Documents, filed by Plaintiff/Counterdefendant, E.J. Gallo Winery related to its motion to amend its answer to the counterclaims. (Doc. 101) To make this determination, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002))

Because the most of the documents or portions thereof sought to be sealed contain confidential information related to Defendant's non-public corporation, the Court finds that the

need to maintain the confidentiality of this material, outweighs the need for public disclosure. Therefore, as to these materials, the motion is **GRANTED**. On the other hand, some portions of the documents, set forth below, do not reveal confidential information regarding Defendant's operations.  As to those portions, the motion is **DENIED**.

Therefore, good cause appearing,

1. The Court **ORDERS** the following to be **SEALED**:
    a. The portions of the memorandum of points and authorities in support of the motion to amend Plaintiff/Counterdefendant's answer to the countercomplaint at pages 2, 3, 4 and 7;
    b. The portion sought to be sealed in lines 2 through 5 of page 2 of the Harvey Declaration;
    c. Exhibit C to the Harvey Declaration **except** lines 3 through 4 of page 16 and line 10 through line 25 of page 17;
    d. Exhibit E to the Harvey Declaration **except** line 18 through 19 of page 16, lines 9 through 10 of page 17, lines 13 through 21 of page 25, lines 2 through 8 of page 22, lines 4 through 7 of page 25, line 13 of page 25 through line 24 of page 27 and line 22 of page 28 through line 19 of page 29;
    e. Exhibit G to the Harvey Declaration;
    f. Exhibit I to the Harvey Declaration **except** line 17 of page 29 through line 17 of page 30, lines 1 through 12 of page 94, lines 2 through 20 of page 96, line 2 through 19 of page 97;
    g. Exhibit J to the Harvey Declaration.
2. The Clerk of the Court is **DIRECTED** to file these pages under seal.
3. The Court **ORDERS** the following **NOT to be SEALED**:
    a Lines 3 through 4 of page 16 and line 10 through line 25 of page 17 of Exhibit C to the Harvey Declariont;

|   |   |   |
|---|---|---|
| | b. | Line 18 through 19 of page 16, lines 9 through 10 of page 17, lines 13 through 21 of page 25, lines 2 through 8 of page 22, lines 4 through 7 of page 25, line 13 of page 25 through line 24 of page 27 and line 22 of page 28 through line 19 of page 29 of Exhibit E to the Harvey Declaration; |
| | c. | Line 17 of page 29 through line 17 of page 30, lines 1 through 12 of page 94, lines 2 through 20 of page 96, line 2 through 19 of page 97 of Exhibit I to the Harvey Declaration. |
| 4. | | The moving party is **ORDERED** to provide an electronic copy of the materials ordered **sealed** via e-mail to JLTOrders@caed.uscourts.gov within two business days of the date of service of this order; |
| 5. | | The moving party is **ORDERED** to file electronically a redacted copy of the materials ordered **not to be sealed** within two business days of the date of service of this order. |

IT IS SO ORDERED.

Dated:   **August 4, 2011**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE