# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROXIMO SPIRITS, INC., et al,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00411 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST TO SEAL DOCUMENTS RELATED TO MOTION TO STRIKE OPINION OF GERALD FORD<br><br>(Doc. 145) |

　　　Before the Court is the Request to Seal Documents, filed by Defendants (Doc. 145) related to its motion strike the opinion of Gerald Ford. (Doc. 144)  To make this determination, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002))

　　　Here, Defendants seek to seal the full opinions of experts Gerald Ford and Henry Ostberg and the portions of the points and authorities that details these opinions.  Because some portions of these documents contain confidential information not otherwise available or known to the public, the Court finds that the need to maintain the confidentiality of this material, outweighs

the need for public disclosure. Therefore, as to these materials, the motion is **GRANTED**. On the other hand, other portions of the documents, set forth below–sought to be sealed–do not reveal confidential information regarding Defendant's operations.  As to those portions, the motion is **DENIED**.

Therefore, good cause appearing,

1. The Court **ORDERS** the following to be **SEALED**:
    a. Exhibit A to Coppola declaration (Ford opinion), at:
        i. Paragraph 6 on page 3
        ii. Page 14 through paragraph 35 of page 23;
    b. Exhibit B to Coppola declaration (Ostberg opinion), at:
        i. Paragraph 2 on pages 1-2;
        ii. Paragraph 13 on page 4;
        iii. Paragraph 23 on page 8;
    c. Portions of the Memorandum of Points and Authorities in Support of Motion to Preclude the Testimony of Gerald Ford, at:
        i. Page 2, line 9 after the word, "right)," through line 10 before "1800;
        ii. Page 2 after the words "due to" through the end of this sentence on line 11;
        iii. Page 4, line 17 after the words "According to Ford," through the end of line 17;
        iv. Page 4, line 18 after the words "any of the questions" through the end of the sentence on line 20;
2. The Clerk of the Court is **DIRECTED** to file these pages under seal.
3. The Court **ORDERS** the following **NOT to be SEALED**:
    a. All remaining portions of Exhibit A to Coppola declaration (Ford opinion);

      b.      All remaining portions of Exhibit B to Coppola declaration (Ostberg opinion);

      c.      All remaining portions of the Defendants Memorandum of Points and Authorities in Support of Motion to Preclude the Testimony of Gerald Ford;

4. The moving party is **ORDERED** to provide an electronic copy of the materials ordered **sealed** via e-mail to JLTOrders@caed.uscourts.gov within two business days of the date of service of this order;

5. The moving party is **ORDERED** to file electronically a redacted copy of the materials ordered **not to be sealed** within two business days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 21, 2011**                             **/s/ Jennifer L. Thurston**
                                                                               UNITED STATES MAGISTRATE JUDGE