IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | ) Case No.: 1:10-cv-00411 LJO JLT |
| Plaintiff, | ) ORDER DENYING MOTIONS TO COMPEL |
| v. | ) (Doc. 142, 143, 167) |
| PROXIMO SPIRITS, INC., et al., | ) |
| Defendants. | ) |

Plaintiff/counterdefendants E. & J Gallo Winery, Tequila Supremo, S.A. de C.V. and Ecco Domani USA, Inc. filed notices for two motions to compel, one as to Defendant and Counterclaimant Agavera Camichines, S.A. de C.V. ("Agavera") and a second motion as to Defendant and Counterclaimant Proximo Spirts Inc. ("Proximo"). Both motions seek further production regarding two of Gallo's requests for production. On November 21, 2011, the parties filed joint statements of discovery disagreement. (Doc. 171, 177.) The Court has carefully considered the parties' submitted papers and the parties' arguments made during hearing on this matter. For the reasons set forth below, the Court **DENIES** the motions.

I.   **BACKGROUND**

In this Declaratory Judgment Act case, Gallo brought a motion to amend its answer to Agavera's/Proximo's counterclaims to allege a claim of "naked licensing." On September 14, 2011, the

1

Court granted the motion (Doc. 132, 133.) And the next day, Gallo amended its answer to add its third affirmative defense that trademarks and trade dress had been abandoned and therefore unenforceable. (Doc. 136 at 9.)

## II. SCOPE OF DISCOVERY

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401, emphasis added. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

## III. MOTION FOR PRODUCTION OF DOCUMENTS

### A. Request for Production of Documents

A propounding party may request documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed.R.Civ.P. 34(b). Further, a request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'" Kidwiler v. Progressive Paloverde Ins. Co., 192. F.R.D. 193, 202 (N.D.W.Va.2000), quoting Parsons v. Jefferson–Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C.1992); see also 2 Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

Upon receipt of a discovery request, the responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed.R.Civ.P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed.R.Civ.P. 34(b)(2)(A)-(B). Boilerplate objections to a request for a production are not sufficient. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1449 (9th Cir. 2005). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 189 F.R.D. 281, 283 (C.D.Cal. 1998), citing Nestle Food Corp. v. Aetna Cas. & Co., 135 F.R.D. 101, 103 (D.N.J. 1990). If a party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34," the propounding party may make a motion to compel production of documents. Fed.R.Civ.P. 37(a)(3)(B) (iv).

**B.     Discussion and Analysis**

According to the joint statements filed by the parties, the dispute concerns the production of documents related to whether Agavera's has yielded insufficient control upon Proximo, as a user of its mark within the United States . (Docs. 171 at 2, 177 at 2.)

**i.     Document Requests Nos. 2 & 3**

Gallo's Request No. 2 seeks,

> All Documents which constitute, reflect, refer or relate to defects in, degradation of or breakage of bottles and/or packaging used in connection with 1800 Tequila.

(Doc. 171 at 2, Doc. 177 at 2.) Similarly, Gallo's Request No. 3 seeks

> All Documents which constitute, reflect, refer or relate to tampering with bottles and/or packaging used in connection with 1800 Tequila.

As to both requests, Agavera/Proximo responded with the objections that it was "overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."(Doc. 171 at 3, Doc. 177 at 3.) However, as to Request No. 3, Agavera/Proximo also objected that the request was "vague and confusing." (Id.)

3

Counsel attempted to resolve the dispute over these responses several times. In doing so, Plaintiff clarified and narrowed its requests and agreed to accept "representative documents[1],"

> reflecting the **number of incidents** of defects in, degradation of or breakage of bottles and packaging used in connection with 1800 tequila and describing typical such incidents. Likewise, in response to Request No. 3 we will accept from Agavera and Proximo representative documents reflecting **the number of incidents of tampering with bottles and/or packaging** used in connection with 1800 Tequila and describing typical such incidents. The requested documents are highly relevant to our client's abandonment defense since they reflect the success or failure of Agavera's efforts to supervise Proximo and control the quality of goods used in connection with the 1800 mark, as required to avoid abandonment.

As a result, Proximo provided a "complaint log" which purports to identify instances in which complaints were made concerning the 1800 product. (Doc. 171 at 10. ) However, Plaintiff argues the log is insufficient because it summarizes only eight complaints and does not purport to summarize representative complaints or discuss any remedial measures taken in response to the complaints. Plaintiff contends however, that the log's own references to complaints and corporate records indicates that documents responsive to Gallo's request are available for production. (Doc. 171 at 8.)

Gallo's contentions regarding the "complaint log" aside, Gallo additionally argues that Defendants' objections are merely "boilerplate objections" and that Agavera/Proximo have failed to meet their burden to support their objections. (Docs. 171 at 8, 177 at 8.) In addition, Gallo contends that both requests seek "basic" information related to Agavera's quality control of its packaging and the requests are relevant to its theory regarding Agavera's "naked" licensing and resulting abandonment of its trademark. (Docs. 171 at 7, 177 at 7.) According to Gallo, unaddressed quality control problems would support its argument regarding Agavera's lack of control and thus its theory regarding Agavera's abandonment of the trademark. (Docs. 171 at 7, 177 at 7.)

Agavera/Proximo argue that the discovery requests are overbroad because they are not limited in geographic scope and seek documents related to quality control efforts made outside of the United States. (Docs. 171 at 10, 177 at 10.) They assert also that the requests are overly broad because they

---

[1] The Court has no understanding what this phrase means and the joint statement fails to clarify it. The meaning of this phrase, apparently, was a point of disagreement between the parties but Gallo failed to provide clarifying information during the meet and confer process. It appears that Agavera/Proximo assumed this phrase meant a summary of typical incidents, given what they produced. (Doc. 180)

4

seek all instances of damaged or defective packaging within the supply chain instead of the more relevant instances where the "damaged" product reached its customers. (Id.) They assert that the requests are burdensome because they require an "onerous and unfair" search. (Id.) Finally, they argue that the requests are not "germane" to the litigation because the requests will not result in information demonstrating whether Agavera exercised sufficient quality control over the trademark. (Id.)

### ii.     Analysis

Abandonment occurs when a trademark owner licenses its trademark but fails "to exercise appropriate control and supervision over its licensees." Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1075 (5th Cir. 1997) "If a trademark owner allows licensees to depart from its quality standards, the public will be misled, and the trademark will cease to have utility as an informational device. A trademark owner who allows this to occur loses its right to use the mark." Kentucky Fried Chicken Corp. v. Diversified Packaging Corp., 549 F.2d 368, 387 (5th Cir. 1977).

With this in mind, the Court finds Gallo's requests are overly broad and not reasonably calculated to lead to admissible evidence. On their face, the requests seek documentation of every incidence of tampering and degradation of the bottles or the packaging and all incidents of bottle breakage.[2] However, what is important is not whether these incidents have occurred but what Agavera has done to prevent them and what it has done in response to them and/or what Agavera has insisted that Proximo do. A plain reading of the requests shows that Gallo has not broached these topics.

On the other hand, at the hearing, counsel admitted that Gallo's requests were inartfully drawn and clarified that what Gallo really sought was Agavera's responses to these types of incidents. However, if true, neither the requests nor the meet and confer efforts placed Agavera/Proximo on notice

---

[2] Likewise, the Court finds Request No. 3 to be vague and ambiguous. For example, the Court cannot determine whether it seeks documentation of tampering at any time including *before* the bottles were filled with tequila or *before* the packaging materials were used or only *after* the bottles were filled and the labels applied. Likewise, does it seek information about tampering or damage to the product times when Proximo has no control over the product, such as when the product is in the custody of the retailer?

Likewise, the Court finds that the phrase, "All Documents which constitute, reflect, refer or relate" fraught with uncertainty. It appears here, that in an attempt to be comprehensive, wordiness was substituted for clarity. For example, the Court cannot determine what "All documents which constitute . . . tampering with bottles and/or packaging . . ." means. Would this seek the actual labels which had suffered from tampering? Likewise, in the context of these requests, the Court does not appreciate the fine distinction intended when using all of the words "reflect," "refer" and "relate."

Thus, the Court finds sustains this objection as to Request No. 3.

5

1  that this was the information that was actually sought. To the contrary, the meet and confer process
2  clarified that Gallo sought the *number* of incidents of each type that had occurred.[3] Once again, the sheer
3  number of these events or the mere fact that they occurred is irrelevant to the question of Agavera's
4  exercise of control and, instead, improperly invades the corporate privacy of a non-party. Thus, the
5  Court sustains Agavera's/Proximo's objections to these requests.
6       The Court notes that had Gallo actually propounded discovery seeking the information as
7  clarified at the hearing, the result here would likely have been very different. However, the Court will
8  not compel a response to discovery that was not propounded.

## **ORDER**

10       Based on the foregoing, the Motion to Compel the Production of Documents (Docs. 142, 143,
11  & 167) is **DENIED**.

13  IT IS SO ORDERED.
14  Dated:   **November 29, 2011**                              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Likewise, at the hearing counsel for Agavera/Proximo denied that this clarification was ever offered.