# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO, | CASE NO. CV-F-10-411 LJO JLT |
| Plaintiff, | **ORDER ON COUNTERCLAIMANTS' MOTION FOR RECONSIDERATION** |
| vs. | (Doc. 289) |
| PROXIMO SPIRITS, INC. and AGAVERA CAMICHINES, S.A. DE C.V., | |
| Defendants. | |
| and related counterclaims. | |

## INTRODUCTION

Counterclaimants Proximo Spirits, Inc. and Agavera Camichines, S.A. de C.V. (collectively "Proximo plaintiffs") move for partial reconsideration of this Court's Order on Motion for Summary Judgment and on Motion to Exclude ("Summary Judgment Order") (Docs. 275, 276). In the Summary Judgment Order, this Court found in favor of counterclaim defendants E & J Gallo ("Gallo"), Alto Spirits, Ltd., Ecco Domani USA, Inc., Tequila Supremo, S.A. de C.V., and Casa Tequilera Viejo, S.A. de C.V. (collectively "Gallo defendants"), concluding that the Proximo plaintiffs had failed to raise a genuine issue of fact as to their trade dress infringement claims. The Proximo plaintiffs move for reconsideration of this Court's ruling that the shape of the 1800 Tequila bottle is not inherently

distinctive. In this motion, the Proximo plaintiffs impermissibly raise new arguments not raised in opposition to the Gallo defendants' summary judgment motion and misconstrue the applicable burden of proof on their counterclaims. For these reasons, this Court DENIES the Proximo plaintiffs' reconsideration motion.

## BACKGROUND

The Proximo plaintiffs' countercomplaint alleged that the trade dress of the Gallo defendants' Camarena brand tequila infringes on the trade dress of 1800 brand tequila.[1] The Proximo plaintiffs asserted three trademark infringement counterclaims[2] against the Gallo defendants:

(1) the Camarena bottle design infringes the 1800's registered trade dress under the Lanham Act §32;

(2) the Camarena bottle design constitutes a false designation of origin under Lanham Act §43(a); and

(3) the sale of the Camarena bottle design constitutes unfair competition under common law.

The Gallo defendants moved for summary judgment in their favor on each of the three Proximo plaintiffs' trademark infringement claims on two grounds. First, the Gallo defendants argued that the Proximo plaintiffs cannot raise a triable issue of fact on the distinctiveness of their claimed trade dress. Second, the Gallo defendants argued that there is no evidence that relevant customers are likely to be confused, based on the packaging, that Camarena tequila is made or distributed by the same company that makes 1800 tequila. This Court agreed with the Gallo defendants that the Proximo plaintiffs failed to raise a genuine issue as to whether their trade dress was distinctive. In addition, this Court agreed that the Proximo plaintiffs presented no evidence of a likelihood of confusion between the two products. For these reasons, this Court granted summary judgment in favor of the Gallo defendants as to the Proximo plaintiffs' counterclaims.

---

[1] 1800 brand tequila is imported into the United States from Mexico by defendant and counterclaimant Proximo. Defendant Agavera owns the exclusive United States trademark and trade dress rights to 1800 Tequila in the United States. Non-party Ex Hacienda Los Camichines, S.A. de C.V. owns the 1800 Tequila trademarks and trade dress rights in Mexico. Agavera and Hacienda are allegedly part of "Casa Cuervo," which controls the Jose Cuervo network of companies.

[2] The Proximo plaintiffs asserted a fourth counterclaim for fraudulent misrepresentation. That counterclaim is not at issue in this motion.

2

The Proximo plaintiffs move for reconsideration of this Court's ruling related to distinctiveness. The Proximo plaintiffs argue that the trademark registration of the 1800 Tequila bottle and stopper is evidence from which a jury could conclude that the bottle alone is distinctive. To put the Proximo plaintiffs' argument into context, this Court provides a brief summary of the Summary Judgment Order.

### Proximo Plaintiffs' Counterclaims

In their countercomplaint, the Proximo plaintiffs asserted claims of trademark infringement, false designation of origin and unfair competition under the Lanham Act section 43(a). To succeed on these trade dress infringement counterclaims, the Proximo plaintiffs bore the burden to prove each of the following three elements: (1) the allegedly infringing Camarena trade dress is nonfunctional; (2) the 1800 trade dress serves a source-identifying role either because it is inherently distinctive or has acquired a secondary meaning; and (3) Gallo's offering and sale of Familia Camarena creates a likelihood of consumer confusion. *See, Wal-Mart Stores v. Samara Bros.,* 529 U.S. 205, 210 (2000); *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998). To defeat the Gallo defendants' summary judgment motion, the Proximo plaintiffs had to raise a genuine issue of fact as to at least one of these elements.

### Gallo Defendants' Motion

The Gallo defendants moved for judgment in their favor, arguing that the Proximo plaintiffs cannot prove the second two elements of the trade dress infringement claims; namely, that the Proximo plaintiffs could not establish either distinctiveness or likelihood of confusion. In addition, and throughout their summary judgment motion, the Gallo defendants challenged the "1800 trade dress" as a "hypothetical" "hodgepodge" of "cherry-picked" elements that do not appear on a single product.

### Proximo Plaintiffs' Opposition

"In opposition, the Proximo plaintiffs inexplicably ignore[d] the Gallo defendants' distinctiveness arguments. The Proximo plaintiffs [made] no attempt to oppose the Gallo defendants' arguments that the 1800 trade dress as defined cannot be protected by the Lanham Act because it lacks distinctiveness." Summary Judgment Order, p. 12.

"Moreover, and perhaps more confusingly, the Proximo plaintiffs failed to clarify their definition of the '1800 trade dress' that is the basis of their infringement claims. While maintaining, at times, that

the trade dress includes [many elements, which were listed in discovery], the Proximo plaintiffs' opposition focuses almost exclusively on one element of the trade dress; namely, the trapezoidal shape of the bottle." *Id*. Not only did the Proximo plaintiffs fail to define the trade dress that was the subject of their counterclaims, they were inconsistent in what appeared to be the trade dress asserted. For example, the Proximo plaintiffs would focus exclusively on the trapezoidal shape of the bottle in some sections of their argument. As to the other elements of the asserted trade dress, however, the Proximo plaintiffs discuss them in their argument related to one of eight factors to determine whether there is a likelihood of confusion between the products. The Court found "this failure to define the trade dress is even more puzzling considering: (1) the consistent attack of the definition throughout the Gallo defendants' motion; and (2) that the Proximo plaintiffs bear the burden to establish the elements of their claims." Summary Judgment Motion, pp. 13-14.

**Court's Attempt to Define Trade Dress**

Because of the Proximo plaintiffs' refusal to define the trade dress upon which their claims were based, this Court undertook to define alternative trade dresses, to be as thorough and lenient as possible to the Proximo plaintiffs, the non-moving parties. Attempting to define the trade dress was necessary, because analysis of the elements of the infringement claims began and ended with whether the trade dress was distinctive and whether there was a likelihood of confusion between the senior and junior trade dresses. The Court could not consider the multiple elements and sub-elements of each of the claims without a defined trade dress.

First, the Court identified the "broader trade dress." This trade dress was defined by the Proximo plaintiffs during discovery as follows:

> The elements of Agavera's trade dress which are infringed by the Counterdefendants include the overall shape of the bottle, a bottle that is wider at its base than it is at the shoulders from both a front and side view, the wooden closure on the top of the bottle, the color scheme on the labeling similar to that of the 1800 line of products (e.g. blue/silver with the Silver product, orange/red and gold with the Reposado product), the gold highlighting lines for the Reposado product, the silver highlighting lines on the Silver product, the debossed glass (which in both the 1800 and Camarena products can be interpreted to depict leaves of an agave plant), the flange at the top of the neck of the bottle (the base of the wooden closure), the neck width, and the family crest. All of these are all elements of the 1800 trade dress which are infringed by the Camarena product.

According to this description that the Proximo plaintiffs provided to the Gallo defendants in response

to an interrogatory requesting a definition of the trade dress that was claimed to have been infringed, the "1800 trade dress" would include overall appearance of the following elements, as they appear as a whole: (1) the shape of the bottle; (2) the wooden closure top; (2) the color scheme on the labeling of the Silver (blue/silver) and Reposado (orange/red and gold) on the Reposado); (3) highlighting lines (silver for Silver and gold for Reposado); (4) the debossed glass with an agave plant; (5) the neck width, and (6) the family crest. The Gallo defendants challenged this definition as a "hodgepodge" of elements "cherry-picked" from different bottles. The Gallo defendants contend that the Proximo plaintiffs cannot define the trade dress in this manner, since no product contains all of the elements contained in the asserted description.

The second possible trade dress definition was limited to the trapezoidal shape of the bottle, which this Court labeled the "bottle shape" trade dress. As to the bottle shape, this Court noted:

> The Proximo plaintiffs submitted that the 1800 product has used a trapezoidal shaped bottled design since the product was introduced in the marketplace in the 1970's. The Proximo plaintiffs assert that the U.S. trademark office has issued a trademark registration for the shape of the bottle, United States Trademark Registration No. 1,807,855 ("855 Registration"). Based on the 855 Registration, the Proximo plaintiffs contend that the shape of the bottle has achieved incontestable status. The Proximo plaintiffs submit evidence that they and their predecessors "have gone to great lengths to promote and market their unique brand identifier," the shape of the bottle, as illustrated in the 855 Registration. Moreover, the Proximo plaintiffs focus their infringement action on the 2009A bottle, which the Proximo plaintiffs describe as "a trapezoidal shaped bottle [that] just happens to look an awful lot like the bottle that has been used with the 1800 product for decades." Prox. Opp., p. 2. The Proximo plaintiffs argue that "the undisputable fact is that both parties use the same visual mark to identify their products–namely, a distinctive trapezoidal shaped bottle to promote a tequila product." *Id*.

Summary Judgment Order, p. 14.

In addition to the broader trade dress and the bottle shape trade dress, the Proximo plaintiffs also presented a third apparent definition of a trade dress in the context of one of the factors to be considered under the likelihood of confusion analysis. The Proximo plaintiffs argued that the strength of their 1800 trade dress is high, because the "Agavera trade dress" has achieved incontestable status. The "Agavera trade dress" was defined as that which has achieved incontestable status based on the 855 Registration. The 855 Registration includes two elements: (1) the trapezoidal shaped bottle; and (2) the distinctive, clear, glass, inverted pyramid-shaped "shot glass" top.

///

5

**Court's Analysis of Distinctiveness**

"The general rule regarding distinctiveness is clear: An identifying mark is distinctive and capable of being protected if it *either* (1) is inherently distinctive *or* (2) has acquired distinctiveness through secondary meaning." Summary Judgment Order, p. 15 (citation omitted). The Proximo plaintiffs were not required to prove both inherent distinctiveness and secondary meaning. They may establish that their trade dress is proctectable under the Lanham Act if the 1800 trade dress has either inherent or acquired distinctiveness.

"In their moving papers, Gallo... anticipated that the Proximo plaintiffs may argue that the broader 1800 trade dress is inherently distinctive, because the 855 Registration that has attained 'incontestable' status." Summary Judgment Order, p. 16. The Gallo defendants argued that the 855 Registration did not establish inherent distinctiveness for the following reasons:

> [The] 855 Registration represents only one element of the broader 1800 Trade Dress that the Proximo plaintiffs defined. Indeed, the "1800 trade dress," which includes all of the elements outlined above, is made up of the 855 Registration, an application (US App. Serial No. 78,615,293), currently suspended, for a two-dimensional design mark, and the combination of a trapezoidal bottle shape, embossed stylized agave plant and the wooden stopper used only for the 1800 Añejo tequila. Therefore, the incontestable status of the 855 Registration does not establish that the broader 1800 trade dress, as defined, is inherently distinctive, because the Proximo plaintiffs cannot separate out and rely on only one incontestable element of the whole.

Summary Judgment Order, pp. 16-17. The Court found that this argument "successfully negated an essential element of the Proximo plaintiffs' trade dress claims." *Id*. at 17. With respect to the 855 Registration, this Court found that the Gallo defendant the 855 Registration "does not establish that the broader 1800 trade dress is inherently distinctive, because the 855 Registration includes only one of the many elements of the broader 1800 trade dress." *Id*.

Because the Gallo defendants had successfully negated an essential element of the trade dress infringement claims, the burden shifted to the Proximo plaintiffs to raise a legal or factual issue. The Proximo plaintiffs failed to satisfy that burden. As the Court explained:

> The Proximo plaintiffs inexplicably fail to address distinctiveness in their opposition memorandum. They ignore the Gallo defendants' arguments related to both the inherent distinctiveness and acquired distinctiveness, as discussed more fully below, of the broader 1800 trade dress and the bottle shape. This failure to oppose the Gallo defendants' arguments is perplexing, particularly since distinctiveness is an essential element of their infringement claims and the Gallo defendants' arguments on distinctiveness spanned over five pages (or a full one-fifth of the memorandum).

Summary Judgment Order, p. 17.

Because the Proximo plaintiffs failed to oppose the Gallo defendants' arguments, this Court applied the applicable standard of review for an unopposed summary judgment to this section only. According to this standard, the Court "must ensure that the motion itself is supported by evidentiary materials." *Id*. This Court found that the Gallo defendants' motion was supported, based on the following analysis:

> The 855 Registration neither establishes nor raises a question of fact regarding the distinctiveness of the 1800 trade dress as defined by the Proximo plaintiffs. "[U]nder the anti-dissection rule, the validity and distinctiveness of a composite trademark is determined viewing the trademark as a whole, as it appears in the marketplace." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993). The "critical" inquiry "is the overall appearance of the mark as used in the marketplace, not a deconstructionist view of the different components of the mark." *Playmakers, LLC v. ESPN, Inc*., 297 F. Supp. 2d 1277, 1283 (W.D. Wash. 2003). According to the anti-dissection rule, the 855 Registration, which includes only one element of the 1800 trade dress, fails to establish that the broader 1800 trade dress is inherently distinctive. Moreover, the critical inquiry focuses on the overall appearance of the mark as it is used in the marketplace. As the Gallo defendants point out, the defined broader 1800 trade dress does not appear in the marketplace, because it includes–and excludes–elements from all of their product line.

Summary Judgment Order, p. 18.

Although the Proximo plaintiffs failed to oppose the motion as to distinctiveness, the Court then addressed the distinctiveness of the bottle shape. The Court ruled:

> To the extent that the Proximo plaintiffs define their trade dress to be a trapezoidal-shaped bottle, this Court agrees with the Gallo defendants that there is no inherent distinctiveness. "A trapezoid is the sort of intuitive, 'ordinary geometric shape' that courts generally 'regard [] as non-distinctive and proctectable only upon proof of secondary meaning.'" *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 916 (C.D. Cal. 2010) (rejecting on summary judgment a claim that a trapezoidal package was inherently distinctive). Moreover, as illustrated above, it is an undisputed fact that there are several tequila bottles in the market that use a trapezoidal shape. Finally, the 855 Registration does not establish the inherent distinctiveness of the bottle shape, because that "Agavera trade dress" includes the clear "shot glass" top, an element that is not asserted to be part of any 1800 trade dress for purposes of this motion. Accordingly, the bottle shape alone is not inherently distinctive.

*Id*.

The Court continued its analysis of whether the alternative trade dress had acquired secondary meaning. Here, too, "the Proximo plaintiffs remain[ed] silent:"

///

> Although the Proximo plaintiffs submitted voluminous exhibits and arguments to oppose the likelihood of confusion element of their claim, the Proximo plaintiffs failed to submit either direct or indirect evidence to raise a genuine issue of fact as to whether the 1800 trade dress has acquired secondary meaning. Because the Proximo plaintiffs have offered no evidence to establish an essential element of their infringement claims, these causes of action fail.

Summary Judgment Order, p. 19.

### Court's Conclusion on Distinctiveness

As to the distinctiveness of the Proximo plaintiffs' trade dress, considered in the alternative in the absence of a proposed definition by the parties asserted the claims, this Court concluded:

> "Only nonfunctional, distinctive trade dress is protected under §43(a)." *Two Pesos*, 505 U.S. at 775. Trade dress may be afforded protection under the Lanham Act if it is either inherently distinctive or has acquired secondary meaning. *Id*. Here, the Gallo defendants have established that neither the broader 1800 trade dress nor the bottle shape are distinctive. The Proximo plaintiffs, perhaps understanding their inability to establish this essential element of their §43(a) claims, failed to rebut the Gallo defendants' arguments and evidence, and failed to raise disputed questions of material fact. Accordingly, for the foregoing reasons, this Court grants summary adjudication in favor of the Gallo defendants and against the Proximo plaintiffs on the Proximo plaintiffs' first and second counterclaims.

Summary Judgment Order, pp. 19-20.

### Strength of "Agavera trade dress"

The sole reference to distinctiveness in the Proximo plaintiffs' opposition arose in the context of their argument regarding the strength of their trademark, the first factor to consider in a *Sleekcraft* likelihood of confusion analysis. In that context only, the Proximo plaintiffs abandoned both the broad trade dress and bottle shape trade dress to argue that the "Agavera trade dress" is "extremely strong" because it has attained incontestable status. The Proximo plaintiffs asserted that as "the incontestible statuts of the '855 registration establishes that the Agavera trade dress is inherently distinctive...there is also a presumption that the registered mark is a strong mark." SJ Opp., p. 6.

This Court noted that although the Proximo plaintiffs presented no evidence of the strength of the broad trade dress or the bottle shape, this Court agreed that "based on the incontestable status of the Agavera trade dress, that mark, when viewed together as a whole, is a strong mark." Summary Judgment Order, p. 21. That mark "includes the shape of the bottle and the shot glass top." *Id*.

///

### STANDARD OF REVIEW

The Proximo plaintiffs move for reconsideration pursuant to Fed. R. Civ. P. 59(e). Pursuant to that rule, the Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.1992). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999)).

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Id.*; *see also, Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir.1987).

"A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis in original). Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

### DISCUSSION

The Proximo plaintiffs argue that the 855 Registration is evidence from which a jury could conclude that the bottle alone is distinctive. They contend that the 855 Registration was *prima facie*

9

1  evidence of the inherent distinctiveness of the bottle shape.  The Proximo plaintiffs argue that while the
2  855 Registration was for both the bottle shape and crystal stopper, the Gallo defendants failed to prove
3  "that the prima facie evidence of distinctiveness that the registration establishes evaporates if the crystal
4  stopper is removed."  The Proximo plaintiffs assert that there was evidence in the record to support its
5  position that the shape of the 1800 tequila bottle is inherently distinctive.  Finally, the Proximo plaintiffs
6  assert in their reply papers that this Court committed clear error of law by improperly weighing evidence
7  and deciding a factual issue on summary judgment without considering the evidence that was in the
8  record.

9        The Proximo plaintiffs arguments are inappropriate in a motion for reconsideration.  As set forth
10 above, a "Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time
11 when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis
12 in original).  The Proximo plaintiffs reasonably could have raised these arguments in opposition to the
13 Gallo defendants' summary judgment motion.  This is particularly true where, as here, the Gallo
14 defendants anticipated that the Proximo plaintiffs would rely on the 855 Registration for their
15 distinctiveness argument and addressed the issue in their opening papers.

16       That this issue was raised in the Gallo defendants' moving papers in summary judgment defeats
17 the Proximo plaintiffs' position that "until the Court failed to recognize that the [855 Registration] for
18 the shape of the 1800 tequila bottle and stopper constituted evidence of the distinctiveness of the
19 trapezoidal shape alone and summarily decided to the contrary" they "could not argue that the Court
20 committed clear error and request that it reconsider its findings."  The moving papers invited the
21 Proximo plaintiffs to address this precise issue. The Proximo plaintiffs were on notice that this argument
22 had been raised, yet the Proximo plaintiffs ignored it.  In fact, as pointed out in the Summary Judgment
23 Order, the Proximo plaintiffs failed to address *any* of the Gallo defendants' arguments related to
24 distinctiveness.  The arguments in this motion should have been raised in an appropriate procedural
25 manner.  A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is not the proper procedural
26 vehicle with which to raise arguments for the first time, absent extraordinary circumstances.

27       The Proximo plaintiffs have identified no extraordinary circumstances that prevented them from
28 opposing the Gallo defendants' distinctiveness arguments.  In their moving papers, the Proximo

plaintiffs address this in a footnote, which reads:

> Although the Court criticizes the Proximo Defendants for making "no attempt to oppose the Gallo defendants' arguments that the 1800 trade dress as defined cannot be protected by the Lanham Act because it lacks distinctiveness" as Gallo sought a declaration of non-infringement, it had the burden of defining the trade dress it sought a ruling concerning, and of proving its lack of distinctiveness and secondary meaning.

Mot. Reconsider, p. 5 n. 1.  This footnote demonstrates that the Proximo plaintiffs misunderstand the summary judgment standards and the burdens of proof applicable to each party.  While Gallo did seek a declaration of non-infringement in its action against Proximo, the Gallo defendants clearly moved for summary judgment with respect to the Proximo plaintiffs' counterclaims.  This Court's Summary Judgment Order addressed only the Proximo plaintiffs' counterclaims.  Neither party moved for summary judgment as to Gallo's Declaratory Judgment Act claims.  In the countercomplaint, the Proximo plaintiffs' asserted affirmative claims of infringement against the Gallo defendants.  Because they were the parties asserting the claims, the Proximo plaintiffs "retain[ed] the ultimate burden of persuasion in [their] trademark infringement action." *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).  To survive summary judgment, the Proximo plaintiffs had the responsibility to raise genuine issues of material fact or to counter the legal issues raised by the moving party.  The Proximo plaintiffs failed to do so, without explanation.  In addition, the Proximo plaintiffs bore the burden of defining the trade dress that was allegedly infringed.  They failed to do so.  Though the Proximo plaintiffs have offered no excuse as to why they failed to address distinctiveness in opposition to the motion, the failure to do so was inexcusable.

The Proximo plaintiffs have further misunderstood the role of this Court when reviewing a summary judgment motion.  They argue that this Court should reconsider its order because there was evidence in the record to support their position.  If there was evidence in the record to support their position, the duty fell on the Proximo plaintiffs to point it out.  When the opposing party fails to oppose a summary adjudication motion, this Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  Because the Proximo plaintiffs failed to oppose this part of the motion, this Court properly

ensured that the Gallo defendants' motion was supported. To go beyond that would place this Court in the improper position of advocating on behalf of a party.

Finally, although they argue that this Court committed clear error of law, the Proximo plaintiffs fail to address the legal grounds upon which the Gallo defendants rested their claims and upon which this Court ruled. This Court found that the Gallo defendants had supported their motion on this issue on two legal grounds. First, to:

> the extent that the Proximo plaintiffs define their trade dress to be a trapezoidal-shaped bottle, this Court agrees with the Gallo defendants that there is no inherent distinctiveness. 'A trapezoid is the sort of intuitive, 'ordinary geometric shape' that courts generally 'regard [] as non-distinctive and proctectable only upon proof of secondary meaning.'" *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 916 (C.D. Cal. 2010) (rejecting on summary judgment a claim that a trapezoidal package was inherently distinctive).

Second, the Court found that:

> the 855 Registration does not establish the inherent distinctiveness of the bottle shape, because that "Agavera trade dress" includes the clear "shot glass" top, an element that is not asserted to be part of any 1800 trade dress for purposes of this motion." This conclusion was based on the anti-dissection rule. "[U]nder the anti-dissection rule, the validity and distinctiveness of a composite trademark is determined viewing the trademark as a whole, as it appears in the marketplace." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993). The "critical" inquiry "is the overall appearance of the mark as used in the marketplace, not a deconstructionist view of the different components of the mark." *Playmakers, LLC v. ESPN, Inc.*, 297 F. Supp. 2d 1277, 1283 (W.D. Wash. 2003).

This Court found that "according to the anti-dissection rule, the 855 Registration, which includes only one element of the 1800 trade dress, fails to establish that the broader 1800 trade dress is inherently distinctive." Applying this same rule to the bottle shape, the Court found that "the 855 Registration does not establish the inherent distinctiveness of the bottle shape, because that 'Agavera trade dress' includes the clear 'shot glass' top, an element that is not asserted to be part of any 1800 trade dress for purposes of this motion." This conclusion was based in law. See, e.g., Igloo Prods. Corp. v. Brandex, Inc., 202 F.3d 814, 817 (5th Cir. 2000) (presumption of distinctiveness attaching to "KOOL PAK & Design" pertained to whole mark, including the design, and not to the works KOOL PAK alone); see also, 15 U.S.C. 1115(a) ("Any registration...shall be prima facie evidence of the validity of the registered mark...and of the registrant's exclusive right to use the registered mark."). While the Proximo plaintiffs argue that distinctiveness is a question of fact, they do no address the legal grounds for the Court's

conclusion. The appropriate manner to address them would have been in opposition to the motion for summary judgment against their counterclaims.

Ultimately, the Proximo plaintiffs–as the parties asserting the claims–had the burden to prove an essential element of those claims; namely that the trade dress that was the basis of their infringement claims was distinctive. In opposition to a summary judgment motion against those claims, the Proximo plaintiffs failed even to define the trade dress as including only the trapezoidal shape. Nevertheless, this Court considered the Gallo defendants' arguments in the alternative, including as to the bottle shape alone, to be as lenient as possible to the non-moving party. Notwithstanding this leniency, the Proximo plaintiffs bore the ultimate burden to establish that the bottle shape was distinctive by offering argument or evidence. The Proximo plaintiffs provided none. Upon a properly supported motion, summary adjudication on this issue was not an error of law, let alone a clear error as required for reconsideration.

## CONCLUSION

For the foregoing reasons, this Court DENIES the Proximo plaintiffs' motion for reconsideration. The March 26, 2012 hearing on this motion is VACATED pursuant to Local Rule 230(h).

IT IS SO ORDERED.

**Dated:   March 20, 2012**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE