1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   E & J GALLO,                                    CASE NO. CV-F-10-411 LJO JLT

12              Plaintiff,                           **ORDER ON MOTION TO CERTIFY FINAL JUDGMENT ON COUNTERACTION AND**

13                                                   **TO DISMISS REMAINING CLAIMS**
                                                     (Doc. 284)
14        vs.

15   PROXIMO SPIRITS, INC. and AGAVERA
     CAMICHINES, S.A. DE C.V.,
16
                Defendants.
17   _____

18
     and related counterclaims.
19
     _____/
20

21                          **INTRODUCTION**

22         By motion filed on February 8, 2012, plaintiff and counterdefendant E. & J. Gallo Winery

23   ("Gallo") and counterdefendants Tequila Supremo, S.A. de C.V., Alto Spirits, Ltd., and Ecco Domani

24   USA, Inc. (collectively "Gallo defendants") moved to certify final judgment of the countercomplaint

25   filed by defendants and counterclaimants Proximo Spirits, Inc. ("Proximo") and Agavara Camichines

26   S.A. ("Agavera") (collectively "Counterclaimants" or "Proximo plaintiffs"). The parties later requested

27   this Court vacate the hearing set on this motion so that the parties could pursue settlement negotiations.

28   On March 8, 2012, Gallo requested this Court to reset the motion on its calendar. Counterclaimants filed

                                                1

1  a statement of non-opposition to this motion.  For the following reasons, this Court GRANTS Gallo's
2  motion to certify this Court's judgment as final on the counterclaims, GRANTS Gallo's motion to
3  dismiss and withdraw the remaining claims, and DIRECTS the clerk of court to close this action
4  administratively.

5                                          BACKGROUND

6          Gallo initiated a Declaratory Judgment Act action against Proximo and Agavera in March 2010,
7  seeking declaratory judgment that Gallo's new tequila, marketed under the brand name Camarena, did
8  not infringe on the trade dress of Proximo and Agavera's 1800 tequila trade dress.  Gallo also asserted
9  a claim of unfair competition.

10          In response, the Proximo plaintiffs filed a countercomplaint against Gallo, asserting affirmative
11  that the trade dress of Gallo's Camarena brand tequila infringes on the trade dress of 1800 brand tequila.
12  The Proximo plaintiffs asserted that the: (1) Camarena bottle design infringes the 1800's registered trade
13  dress under the Lanham Act §32; (2) Camarena bottle design constitutes a false designation of origin
14  under Lanham Act §43(a); and (3) sale of the Camarena bottle design constitutes unfair competition
15  under common law (collectively, "trademark infringement counterclaims").  In addition to the trademark
16  infringement counterclaims, the Proximo plaintiffs asserted a fourth cause of action against the Gallo
17  defendants for allegedly making fraudulent statements in their trade dress applications associated with
18  the Camarena tequila.

19          The Gallo defendants moved for summary judgment in their favor, pursuant to Fed. R. Civ. P.
20  56, on the Proximo plaintiffs' trademark infringement claims.  The Gallo defendants argue that these
21  counterclaims fail as a matter of law, because: (1) the Proximo plaintiffs cannot raise a triable issue of
22  fact on the distinctiveness of their claimed trade dress; and (2) there is no evidence that relevant
23  customers are likely to be confused, based on the packaging, that Camarena tequila is made or
24  distributed by the same company that makes 1800 tequila.

25          In addition to Gallo's motion for summary judgment on the Proximo plaintiffs' trademark
26  infringement claims, the counterclaimants and counterclaim defendants filed cross-motions for summary
27  judgment on the Proximo plaintiffs' fourth counterclaim related to fraud.

28          No party moved for summary judgment on Gallo's claims against Proximo and Agavera.

1    On January 30, 2012, this Court ruled on the summary judgment motions on the Proximo

2  plaintiffs' counterclaims.  This Court granted judgment in favor of Gallo on the Proximo plaintiffs'

3  trademark infringement claims.  In addition, this Court granted judgment in favor of the Gallo

4  defendants and against the Proximo plaintiffs' regarding the Proximo plaintiffs' fourth cause of action

5  for fraud.  Because all of the counterclaims had been adjudicated, this Court directed the clerk of court

6  to enter judgment in favor of the Gallo defendants and against the Proximo plaintiffs on the

7  counterclaims.  Judgment was entered on the same day. (Docs. 277, 279).

8    On February 8, 2012, the Gallo defendants moved to certify the final judgment on the

9  counterclaims and to dismiss Gallo's remaining claims.  The Gallo defendants sought to have this

10 motion heard on shortened time because of the parties' scheduled settlement conference.  Later, Gallo

11 asked this Court to vacate the motion to allow the parties to pursue settlement negotiations.

12   The Gallo defendants asked this Court to reset the motion to certify the final judgment and to

13 dismiss the remaining claims on March 7, 2012.  This Court reset a briefing schedule on that motion,

14 with an opposition to be filed no later than April 2, 2012.  On April 2, 2012, the Proximo plaintiffs filed

15 a statement of non-opposition.

16   Having considered the Gallo defendants' request, the procedural posture of this action, relevant

17 authority and the record, this Court issues the following order.

18                                        DISCUSSION

19                          **Gallo's Remaining Claims**

20   Gallo's action against Proximo and Agavera remains active.  Gallo asserted two claims against

21 the defendants. First, Gallo asserted a Declaratory Judgment Act claim of non-infringement.  Second,

22 Gallo asserted a claim for unfair competition.  In this motion, Gallo seeks to dismiss the Declaratory

23 Judgment Act claim and to withdraw its unfair competition claim.

24               **Dismiss as Moot the Declaratory Judgment Act Claim**

25   Gallo asserts that this Court's January 30, 2012 orders on the Proximo plaintiffs' counterclaims

26 "have effectively disposed of the entirety of this case."  Gallo erroneously asserts that "no claims remain

27 to be adjudicated."  While those orders disposed of the counteraction against the Gallo defendants,

28 Gallo's claims against Proximo and Agavera remain alive.  Moreover, while this Court entered judgment

3

1   in favor of the Gallo defendants on the Proximo plaintiffs trade dress infringement counterclaims, that

2   judgment was based, inter alia, on the Proximo plaintiffs failure to sustain its burden of proof and

3   persuasion on its claims.  Because Gallo's declaratory judgment claim of non-infringement has a

4   different burden of proof than the Proximo plaintiffs' claims, and because this Court has not considered

5   the evidence under these standards, this Court cannot determine that Gallo's claim for non-infringement

6   is moot legally.

7       Pursuant to Fed. R. Civ. P. 41(a), a plaintiff may dismiss an action upon stipulation of dismissal

8   signed by all parties who have appears without a court order.  Here, although no stipulation exists,

9   Proximo and Agavera have filed a statement of non-opposition to Gallo's request to dismiss this claim

10  as moot without prejudice.  Because the parties appear to agree, this Court approves the request to

11  dismiss Gallo's first claim against Proximo and Agavera without prejudice as moot.

12                          **Withdrawal of Unfair Competition Claim**

13      Gallo requests to withdraw is second cause of action, which asserts an unfair competition claim

14  against Proximo and Agavera.  Proximo and Agavera do not oppose this request.  This Court finds no

15  cause to deny this request.  Accordingly, Gallo's request to withdraw its second cause of action (unfair

16  competition) against Proximo and Agavera is granted.

17                              **Certify Judgment as Final**

18      This Court's January 30, 2012 grant of summary judgment was an interlocutory partial judgment,

19  because it adjudicated of less than all of the claims in this action and counteraction.  See Fed. R. Civ.

20  P. 54(b); *Gerber Garment Technology, Inc. v. Lectra Systems, Inc.*, 916 F.2d 683, 686 (9th Cir. 1990).

21  Gallo moves to certify the January 30, 2012 judgment as final.  Gallo argues that there is no just cause

22  for delay in certifying that judgment.

23      Because this order disposes of Gallo's remaining claims, and because the counterclaims were

24  adjudicated, this action may be closed administratively.  The interlocutory judgment entered on January

25  30, 2012 on the Proximo plaintiffs' counterclaims shall be considered final for all purposes on the date

26  of the entry of this order.  The clerk of court is directed to enter final judgment in this action in

27  accordance with this order and to close this action administratively.

28  ///

4

1

**CONCLUSION AND ORDER**

2

      For the foregoing reasons, this Court:

3        1.     DISMISSES Gallo's Declaratory Judgment Act claim (first cause of action) without

4                prejudice as moot;

5        2.     GRANTS Gallo's request to withdraw its unfair competition claim (second case of

6                action);

7        3.     GRANTS Gallo's request to certify as final the January 30, 2012 judgments entered in

8                the counteraction;

9        4.     DIRECTS the clerk of court to enter final judgment in this action in accordance with this

10             order;

11        5.     CERTIFIES that judgment in this action is final as of the date of this order; and

12        6.     DIRECTS the clerk of court to close this action administratively.

13

14

15

16      IT IS SO ORDERED.

17  **Dated:**   **April 3, 2012**               **/s/ Lawrence J. O'Neill**

                                              UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28