1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 E & J GALLO WINERY,                    )   Case No.: 1:10-cv-00411 LJO JLT
                                         )
12          Plaintiff,                    )   ORDER GRANTING IN PART AND DENYING IN
                                         )   PART REQUEST TO SEAL DOCUMENTS
13     v.                                )   RELATED TO MOTION FOR FEES
                                         )
14 PROXIMO SPIRITS, INC., et al.,         )
                                         )   (Doc. 309)
15          Defendants.                   )
                                         )
16 _____)

17          Before the Court is Gallo's request to seal documents related to its motion for attorneys' fees.

18 (Doc. 310).  (Doc. 309)  Proximo/Agavera lodged opposition to part of the request.[1]

19          A motion to seal documents that are not part of the judicial record, such as "private materials

20 unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c).

21 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010).  Under Federal Rule of Civil

22 Procedure 26(c), the Court may issue orders to "protect a party or person from annoyance,

23 embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or

24 other confidential research, development, or commercial information not be revealed or be revealed

25 only in a specified way."

26

27 _____

28 [1] Promixo/Agavera expressed no opposition to the Court sealing the information that was provided by them during
discovery related to the operations of their privately-held corporations.  Instead, Proximo/Agavera opposed the request
only as it relates to the fees charged and hours worked by Gallo's San Francisco-based lawyers.

To make the determination whether documents should be sealed, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" Pintos, 605 F.3d at 678 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)). Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. To determine whether such documents should be sealed, the Court is to evaluate factors including, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Gallo seeks an order sealing portions of its memorandum of points and authorities and portions of the declaration of Peter Harvey which were filed in support of its motion for fees. Gallo seeks to seal two categories of information. The first category includes information produced by Proximo/Agavera during discovery and which has been designated as "confidential – attorney's eyes only." As to this information, the Court agrees that the information cited is confidential and is not publicly available, that it relates to the operation of privately-held corporations and disclosure of this information has a substantial likelihood of infringing on the corporations' competitive advantage. Thus, the request to seal this information is **GRANTED**.

The second category relates to the amounts billed by counsel to Gallo, how time was spent and associated information. In trademark/dress matters, attorney billing rates which are not publicly known and are "competitively sensitive" has been determined to warrant sealing. China Intl Travel Servs. (USA) v. China & Asia Travel Serv., 2008 U.S. Dist. LEXIS 106622 at *29 (N.D. Cal. Dec. 18, 2008); Mine O'Mine, Inc. v. Calmese, 2012 U.S. Dist. LEXIS 53077 at *10 (D. Nev. Apr. 16, 2012). Notably, however, Gallo makes little showing as to why the second category of information should be sealed except to describe it as "highly confidential." Gallo does not explain why disclosure of this

information related to their San Francisco-based lawyers should be sealed but not as to their Fresno-based counsel.  On the other hand, Gallo reports that the rates charged by their San Francisco-based lawyers have been significantly modified for this case but Gallo provides no similar information for their Fresno-based counsel.  Indeed, review of the specific documents reveals that certain of the information detail confidential billing rate information that, if became known, would likely impact the law firm's competitiveness.[2]  Finally, the Court is hard-pressed to see how the remaining information is so sensitive as to preclude public review.[3]  Therefore, Gallo's request to seal certain information is **GRANTED IN PART** and **DENIED IN PART**.

Therefore, the Court **ORDERS**:

1.  Gallo's request to seal is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  As to the memorandum of points and authorities, the request for sealing is **GRANTED IN PART.**  All of the requested information SHALL be sealed **except the following SHALL NOT BE SEALED:**

        i.  p. 9, the sentence starting at line 16 (after the sentence ending in " . . . award of attorneys' fees.") and ending at line 18;

        ii.  p. 13, the two words proposed to be sealed at line 19;

        iii.  p. 14, the sentence starting at line 14 (after the sentence ending in " . . . Motion for Attorneys' Fees ¶ 3.") and ending at line 16;

        iv.  p. 14, the sentence starting at line 17 and ending at line 18;

    b.  As to the Declaration of Peter Harvey, the request for sealing is **GRANTED IN PART.**  All of the requested information SHALL be sealed **except the following SHALL NOT BE SEALED:**

        i.  p. 3, the partial sentence beginning at line 11 and ending at line 12;

---

[2] As to some of this information, the Court is faced with sealing the total hours worked or the rates charged or the total amount of the bill.  Clearly, having two pieces of this information would reveal the third piece.  Thus, as detailed below, the Court has ordered sealing of certain information such to preclude disclosure of the rate charged.

[3] For example, Gallo has not explained the Court should seal the name of a prospective client or the circumstances surrounding the lawyers' determination that they could not ethically represent this client.  Though the Court may speculate as to why Gallo believes this information should be sealed, the Court's obligation is to evaluate Gallo's showing; it is not obligated to make the showing for Gallo.

ii.      p. 3, paragraph 9

c.       As to Exhibit A to the Declaration of Peter Harvey, the request for sealing is **GRANTED IN PART.**  Only the hours worked for each attorney shall be **SEALED.**  The remaining information **SHALL NOT BE SEALED**;

d.       As to Exhibit D, Exhibit E and Exhibit F to the Declaration of Peter Harvey, the request for sealing is **GRANTED IN PART.**  Only the substantive responses to the discovery requests shall be **SEALED.**  The remaining information **SHALL NOT BE SEALED**.

2.       Within 2 court days, Gallo SHALL lodge the documents discussed in this order via an e-mail to JLTOrders@caed.uscourts.gov.  Gallo SHALL highlight the portions of the documents that are ordered to be sealed here;

3.       Once these documents are received by the Court, the Clerk of the Court is DIRECTED to file these documents under seal;

4.       Within 2 court days, Gallo SHALL file redacted, public versions of the documents as set forth by this order;

5.       The portions of any opposition or reply that relies upon the sealed information, SHALL be SEALED.  Thus, documents that rely upon the sealed information SHALL be redacted before filing in the public docket.  Two days before they are filed, counsel SHALL lodge the full document and SHALL highlight the information in the document that warrants sealing according to this order, via an e-mail to JLTOrders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **May 8, 2012**                        _____/s/ Jennifer L. Thurston_____
                                                    UNITED STATES MAGISTRATE JUDGE