UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO WINERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROXIMO SPIRITS, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00411 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PARTY REQUEST TO SEAL DOCUMENTS<br><br>(Doc. 333) |

    Before Court is the request, filed by Defendants to seal certain documents upon which they intend to rely in opposing Plaintiff's motion for attorneys fees (Doc. 310).

    Given the numerous such requests the Court has received in this case, the parties are quite clear as to the standards by which such a motion is decided. However, once again, the Court observes that this request is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

After the Court's review, it finds that certain of the information detailed below, in fact, reveals confidential, non-public information about the parties' private corporate operations. As to this information, the request is **GRANTED**. Thus, the request as to footnote 6 of the memorandum of points and authorities and Exhibits 1, 13 and 14 will be **GRANTED**.

However, as to any information that is non-substantive or is already in the public view, the request is **DENIED**. For example, as to Exhibit 2, This exhibit was filed in this case on the public docket on July 26, 2010 (Doc. 27) and there is no showing that would justify sealing it at this time. Likewise, Exhibit 3 does not appear to contain any substantive or confidential information. Thus, the request as to these exhibits is **DENIED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' request to seal is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The request as to the following material is **GRANTED** and the Clerk of the Court is **DIRECTED** to file these documents under seal:

      i. The requested portion of the memorandum of points and authorities which includes only footnote 6 at page 17;

      ii. Exhibits 1, 13 and 14;

   b. The request as to the following material is **DENIED**:

      i. Exhibits 2 and 3;

2. <u>Within two court days of service of this order</u>, Defendants **SHALL** file redacted copies of the sealed documents, consistent with this order, on the public document.

IT IS SO ORDERED.

Dated: **June 6, 2012**                                /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE