1  D. GREG DURBIN (SBN 81749)
   McCORMICK BARSTOW SHEPPARD
2  WAYTE & CARRUTH LLP
   5 River Park Place East
3  P.O. Box 28912
4  Fresno, California 93720
   Telephone:  (559) 433-1300
5  Facsimile:  (559) 433-2300
   greg.durbin@mccormickbarstow.com
6
7  D. PETER HARVEY (SBN 55712)
   NAOMI JANE GRAY (SBN 230171)
8  DONALD A. THOMPSON (SBN 260076)
   HARVEY SISKIND LLP
9  Four Embarcadero Center, 39th Floor
   San Francisco, California 94111
10 Telephone:  (415) 354-0100
   Facsimile:  (415) 391-7124
11 pharvey@harveysiskind.com
12 ngray@harveysiskind.com
   dthompson@harveysiskind.com
13
14 Attorneys for Plaintiff and Counterdefendant E. & J. Gallo Winery
   and Counterdefendants Ecco Domani USA, Inc. and  Tequila Supremo, S.A. de C.V.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>            Plaintiff,<br><br>v.<br><br>PROXIMO SPIRITS, INC., a Delaware corporation; AGAVERA CAMICHINES, S.A. DE C.V., a Mexico corporation; and DOES 1-25,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 1:10-CV-00411 LJO JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GALLO'S REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>**(DOC. 353)** |

Before the Court is the request to seal invoices submitted for consideration in connection with Gallo's motion for attorneys' fees. (Doc. 353) Gallo contends the documents should be sealed for several reasons, including the need to protect attorney-client communications, attorney-work product, financial information that would impact counsel's competitive advantage and confidential business information related to Gallo.

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986). In addition, in trademark/dress matters, attorney billing rates which are not publicly known and are "competitively sensitive," warrant sealing. China Intl Travel Servs. (USA) v. China & Asia Travel Serv., 2008 U.S. Dist. LEXIS 106622 at *29 (N.D. Cal. Dec. 18, 2008); Mine O'Mine, Inc. v. Calmese, 2012 U.S. Dist. LEXIS 53077 at *10 (D. Nev. Apr. 16, 2012).

The Court has reviewed the invoices submitted by the McCormick Barstow and the Harvey Siskind firms. It notes that invoices prepared by McCormick Barstow were well-prepared, for the most part, to exclude attorney-client communications and attorney-work product information or information that bears on Gallo's trade secrets. Thus, the Court finds that except for a few entries, noted below, the billing records will not be sealed.

The Harvey Siskind billing records are a different matter. Nearly all entries reveal not just what was done by counsel but reveal also information from which it can be gleaned, why it was done. In addition, there is information from the content of communication with Gallo from which Gallo's business strategies can be inferred. Therefore, as to these records, they will be ordered SEALED.

///

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. The following information from the billing records from McCormick Barstow, **SHALL BE SEALED:**

   a. p. 51, the last entry on the page related to work done on 1/31/11;

   b. p. 63, the 5th entry related to work done on 5/23/11;

   c. p. 73, the 2nd and 3rd entry related to work done on 8/17/11;

   d. p. 85, the entry related to work done on 10/28/11;

   e. p. 85, the 1st entry related to work done on 10/31/11;

   f. p. 93, the entry related to work done on 12/2/11;

   g. p. 93, the 2nd and 3rd entry related to work done on 12/7/11;

   h. p. 112-p. 113, the entry related to work done on 3/8/12 that begins on p. 112 and ends on p. 113;

   i. p. 113, the 1st full entry related to work done on 3/8/12;

   j. p. 113, the 5th entry related to work done on 3/9/12;

2. The remaining information from the billing records from McCormick Barstow, **SHALL NOT BE SEALED**

3. The entire billing records from Harvey Siskind, **SHALL BE SEALED**;

4. Within two court days, counsel SHALL file on the public docket and version of the McCormick Barstow billing records redacted consistently with this order:

///
///
///
///
///
///
///

5. Within two court days, counsel SHALL lodge to JLTOrders@caed.uscourts.gov, a version of the version of the McCormick Barstow billing records that highlights the entries that will be filed under seal.

IT IS SO ORDERED.

Dated:   **June 27, 2012**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

-3-

ORDER SEALING DOCUMENTS                                      Case No. 1:10-CV-00411 LJO JLT