IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO,<br><br>        Plaintiff,<br><br>    vs.<br><br>PROXIMO SPIRITS, INC. and AGAVERA CAMICHINES, S.A. DE C.V.,<br><br>        Defendants.<br><br>and related counterclaims.<br>_____/ | CASE NO. CV-F-10-411 LJO JLT<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS; ORDER DENYING GALLO'S MOTION FOR ATTORNEY'S FEES** |

**Background**

Plaintiff and counterclaim defendants E & J Gallo, Ecco Domani and Tequila Supremo (collectively "Gallo") moved for attorneys' fees against defendants and counterclaimants Proximo Spirits, Inc. ("Proximo") and Agavera Camichines S.A. de C.V. ("Agavera") (collectively "Proximo") based on Proximo's unsuccessful counterclaim against Gallo of trade dress infringement and fraud. The magistrate judge in this action, having considered the parties' briefs and after oral argument on the motion, recommended to grant Gallo's motion for attorneys' fees and to award $986,958.46 in this action.

The court may award attorneys' fees to the prevailing party under Section 35(a) of the Lanham

Act in "exceptional cases." 15 U.S.C. §1117(a). The magistrate judge found that Proximo's counteraction qualified as "exceptional" because Proximo failed to present evidence of the basic elements of its infringement and fraud claims. As to its infringement claims, Proximo failed to present evidence of distinctiveness in opposition to Gallo's summary judgment motion. The magistrate judge noted that this Court found that Proximo failed completely to address the element of distinctiveness in its opposition papers, an essential element of its claim. Moreover, the magistrate judge found that it was "unconvinced that Proximo was able to prove these elements but simply chose not to do so." Findings and Recommendations ("F&R"), p. 5 (Doc. 365). The magistrate judge concluded that Proximo's failure to present evidence of distinctiveness rendered the counteraction "exceptional" for purposes of awarding attorneys' fees under the Lanham Act.

As a separate basis for the attorneys' fees award, the magistrate judge found that Proximo failed to support its fraud claims with evidence of a misrepresentation or any other elements of fraud. In addition, Proximo's fraud claim was based on a legal theory rejected by this Court. The magistrate judge concluded that because Proximo failed completely to set forth a colorable claim for fraud in summary judgment proceedings, the case qualified as "exceptional."[1]

The magistrate judge rejected Gallo's other theories of recovery of attorneys' fees. Specifically, the magistrate judge found that Gallo's assertions that Proximo asserted inapplicable and unsupported legal theories did not make this case exceptional pursuant to the standard. The magistrate judge also found that an alleged false declaration filed by Proximo and other conduct in discovery did not rise to the level of bad faith. Finally, the magistrate judge found that because of varied rulings on the distinctiveness of the 1800 Tequila bottle in other fora, the Court could not find that Proximo was on notice that it lacked proof of distinctiveness for its 1800 bottle design. F&R, p. 11.

Having found the case to be exceptional, the magistrate judge next considered the reasonableness

---

[1] Although finding this as a basis for establishing that this action was "exceptional" to qualify for an award of attorneys' fees, the magistrate judge later correctly ruled that since the fraud claims were independent of the Lanham Act, and since Gallo failed to demonstrate that the fraud claims were intertwined with Proximo's Lanham Act claims, time billed for work related to the defense of the fraud causes of action would be excluded from the attorneys' fees award. F&R, p. 17. Because the fraud claims are not raised pursuant to the Lanham Act, they cannot be relied upon as a basis for an award of attorneys' fees pursuant to 15 U.S.C. §1117(a). *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). Accordingly, this Court rejects the magistrate judge's findings and recommendations to the extent that she found this case to be "exceptional" pursuant to the Lanham Act based on the fraud claims.

2

of Gallo's attorneys' fees request. Gallo sought $1,694,538.00 in attorneys' fees plus supplemental fees of $62,701.00. The magistrate judge reduced the hourly rate to a maximum of $375. The magistrate judge also excluded hours worked defending the fraud causes of action, because they were not Lanham Act claims, and hours billed related to travel time. The court also excluded any hours billed prior to the time the counteraction was filed on January 20, 2011. Finally, the court allowed supplemental invoices to reflect an additional $62,701.00 in attorneys' fees for work performed on the motion for attorneys' fees. In total, the magistrate judge recommends an award of $986,958.46 to Gallo.

Proximo filed objections to the magistrate judge's findings and recommendations on August 6, 2012. Gallo filed a reply supporting the findings and recommendations on August 20, 2012. Having read and reviewed the docket, the findings and recommendations, the parties' arguments, and the applicable case law, this Court issues the following order.

### **Standard of Review**

An award of attorneys' fees pursuant to the Lanham Act is limited to "exceptional cases." *Lohati v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011). Whether an action qualifies as an "exceptional case" is a question of law that is reviewed de novo. *Id.; Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 982 (9th Cir. 2008); *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). If an action is determined to be exceptional, the reasonableness of the attorneys' fees award is reviewed for an abuse of discretion. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003) (noting limitations on discretion); *Cairns v. Franklin* Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (noting "exceptional cases" requirement).

### **Parties' Arguments**

Proximo argues that the magistrate judge erred to conclude that Proximo had no basis to claim that its bottle shape was distinctive. Proximo contends that it did support its theory of inherent distinctiveness by submitted evidence as well as pointing to the bottle's incontestable trademark registration. Proximo submits that this demonstrates its good faith basis of its trade dress infringement claims against Gallo.

Next, Proximo asserts equitable considerations should preclude an award of attorneys' fees in this action. Specifically, Proximo points out that it did not initiate this action and fought hard to dismiss

3

this action. Gallo initiated this Declaratory Judgment Action against Proximo. Proximo in turn argued that this Court lacked jurisdiction over Gallo's claims. Proximo argues that it only prosecuted these Lanham Act claims reluctantly, once the Court chose to exercise jurisdiction over Gallo's claim, and only because it had no choice but to bring the compulsory Lanham Act infringement claims or waive them. Proximo points out that neither the magistrate judge nor Gallo has identified a case in which attorneys' fees were awarded under similar circumstances where, as here, the infringement claims were brought as compulsory counterclaims and where the magistrate judge made no finding that Proximo acted in bad faith in asserting the claims.

Finally, Proximo contends that, in the event that attorneys' fees are awarded, the recommendation of almost $1,000,000 in attorneys' fees in unreasonable.

In its reply, Gallo argues that this action qualifies as an "exceptional case," because it was "groundless." Gallo submits that the magistrate judge correctly concluded that this action was groundless because Proximo failed to submit evidence of distinctiveness, which was an essential element of its infringement claims. Gallo points out that Proximo's post-judgment arguments of distinctiveness are untimely and inappropriate. In addition to challenging the procedural propriety of Proximo's arguments, Gallo attacks the merits of Proximo's claims of distinctiveness.

Gallo next argues that Proximo failed to address its failure to produce evidence of its fraud claim. Gallo points out that this was a separate and distinct reason that the magistrate judge found this action to be an "exceptional case" pursuant to the Lanham Act. Gallo argues that this Court should find this action to be exceptional on this basis alone.

Gallo contends that bad faith is not required for an attorneys' fees award pursuant to the Lanham Act.

Finally, Gallo submits that the recommended amount of the award is reasonable.

## Discussion

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a). Although the term "exceptional" is not defined in the statute, this statute generally is used to award attorneys' fees to a prevailing plaintiff when the defendant's trademark infringement is "malicious, fraudulent, or willful." *Gracie v. Gracie*,

4

217 F.3d 1060, 1068 (9th Cir. 2000); *Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295 (9th Cir. 1998). Although less common, prevailing defendants may be awarded attorneys' fees pursuant to this statute also if the plaintiff's action was "groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999); *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). This Court interprets the "exceptional circumstances" requirement "rather narrowly." *Classic Media*, 532 F.3d at 990; *Gracie*, 217 F.3d at 1071. Moreover, "the Lanham Act *permits*, but does not mandate an award of attorneys' fees to a prevailing party in 'exceptional circumstances.'" *Gracie*, 217 F.3d at 1071 (emphasis in original).

The magistrate judge rejected Gallo's arguments that Proximo's Lanham Act counterclaims were unreasonable, vexatious, or pursued in bad faith. This Court agrees with the magistrate judge's reasoning and conclusion that the conduct outlined by Gallo does not establish that this action is an exceptional case on these bases. Accordingly, this Court adopts in part the magistrate judge's findings and recommendations to the extent that this Court finds that Proximo's Lanham Act counterclaims were not unreasonable, vexatious, or pursued in bad faith.

The magistrate judge found that this was an exceptional case because Proximo's infringement and fraud claims were "groundless." Specifically, the magistrate judge found that Proximo's failure to present evidence to support an essential element of these claims rendered the claims groundless and warranted an award of attorneys' fees under the statute.

Few cases in the Ninth Circuit have awarded attorneys' fees based on "groundlessness," leaving this Court with little guidance. The Ninth Circuit recently acknowledged that the "line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where the *defendant* prevails due to plaintiff's failure of proof." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012) (emphasis in original). In the context of the Lanham Act attorneys' fees statute, a plaintiff's action appears to be considered "groundless" if "the plaintiff has no reasonable or legal basis to believe in success on the merits." *Id*. In *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002), for example, the court found that the "false advertisement claim was groundless and unreasonable because the statements in the advertisements at issue were true and [plaintiff] had no reasonable basis to believe they were false." *Id*. The court further found that the "the dilution of

5

trademark claim was groundless and unreasonable because it had no legal basis, having been based on [an] 'absurd' and 'just short of frivolous' contention[.]" *Id*. On the other hand, a case is not groundless if it is "not frivolous and [the plaintiff] raised debatable issues." *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007).

Although written in the disjunctive, such that a court may award attorneys' fees on the basis of groundlessness alone, courts appear to consider multiple aspects of the litigation together to determine whether the case is exceptional to warrant an award of attorneys' fees pursuant to the Lanham Act. For example, in *Applied Information Sciences*, the court upheld a denial of motion for attorneys fees because plaintiff raised debatable issues, there was no compelling proof that the plaintiff acted capriciously, there was no proof that the plaintiff pursued litigation to harass defendant, or that the plaintiff intended to bring meritless or unreasonable case against defendant. 511 F.3d at 973. In *Cairns*, as discussed more fully above, the court found that the claims were "groundless *and* unreasonable" because they had no basis in law and fact. 292 F.3d at 1156 (emphasis added). In *Love v. Association Newspapers, Ltd*, the court found that the plaintiff's claims were "groundless *and* unreasonable" because the plaintiff failed to present evidence to justify an extraterritorial application of the Lanham Act, the cases cited by the plaintiff were readily distinguishable, and an affidavit submitted by plaintiff to manufacture a genuine issue of material fact vexatiously multiplied the litigation. 611 F.3d 601, 615-16 (9th Cir. 2010) (emphasis added) (Lanham Act award based on unreasonableness of trademark claims and continued pursuit of those claims in bad faith).

Gallo relies on *Seacalt*, 668 F.3d at 688-90, to argue that Proximo's counterclaims are exceptional. Gallo submits that Proximo acted "exactly like the plaintiff in *Secalt*," because Proximo "failed to submit evidence raising a triable issue of fact regarding either distinctiveness or fraudulent misrepresentations–key elements of proof with respect to their trade dress infringement and fraud claims." Reply, p.2. Gallo appears to suggest that a failure to present evidence as to a basic element of a claim, without more, establishes an "exceptional case" to support an award of attorneys' fees pursuant to the Lanham Act. This Court disagrees with this narrow reading of *Secalt*.

The action in *Secalt* was determined to be an exceptional case based on a number of factors. In *Secalt*, the district court concluded that "the plaintiffs were unable to provide the court with any evidence

6

to support their assertion that the trade dress was not functional." 668 F.3d at 687. The court further found that the plaintiff "did not provide the court with any evidence that there were 'debatable issues of law and fact' with regards to the trade dress." *Id*. The plaintiff asserted rights in a design patent, yet "fail[ed] to produce evidence that they own the design patent or that the true owner assigned the rights to them." *Id*. Based on all of these factors, the district court found that the plaintiff's "continued prosecution of its claims" was "unreasonable." *Id*.

In reviewing the district court's ruling, the appellate court pointed out that in addition to the plaintiff's failure to identify the aesthetic value of its design after months of discovery, the plaintiff was put on notice in parallel litigation that it had an "utter failure of proof" of the nonfunctionality of its design. *Id*. Specifically, in a separate action decided months before the summary judgment proceedings in *Secalt*, the foreign court found that there was an "utter failure of evidence" to support the plaintiff's claims. The court ruled: "Given that evidence of nonfunctionality would be primarily in [the plaintiff's] possession, its inability to demonstrate nonfunctionality in the [foreign] case seriously undercuts its arguments that it was raising 'debatable issues of law and fact' in this action." *Id*.

In addition to the failure to present evidence and the notice that there was an utter lack of evidence by way of a judgment in another court, other considerations contributed to a finding of exceptional circumstances in *Secalt*. For example, testimony presented by the plaintiff's own witnesses established the factual baselessness of its claim of nonfunctionality, the plaintiff asserted that it had rights in a patent without any evidentiary support, and the timing of plaintiff's suit was "suspicious." For all of these reasons, the Court agreed that the "conscious, albeit misguided, attempt to assert trade dress rights in a non-protectable machine configuration" was "an exceptional case meriting attorney's fees under 15 U.S.C. §1117(a)." *Id*. at 689.

Proximo failed to address the element of distinctiveness in opposition to Gallo's summary judgment motion on Proximo's counterclaims. Although Proximo now asserts that it did address distinctiveness, this assertion is without merit. Moreover, Proximo's later attempts to address this essential element of its claims are untimely, inappropriate, and shall not be considered by this Court.

Nevertheless, this Court finds that Proximo's failure to address an essential element of its trade dress counterclaims, without more, is insufficient to merit an award of attorneys' fees pursuant to 15

7

U.S.C. §1117(a). As set forth above, the courts consider several factors to determine whether exceptional circumstances exist. Having reviewed the record in this action, this Court is not convinced that Proximo had "no reasonable or legal basis to believe in success on the merits" of its infringement claims at the time this action was initiated or during discovery. This Court granted jurisdiction over Gallo's Declaratory Judgment Act action on the basis that the threat of infringement litigation in Mexico was concrete and, by extension, not frivolous. In later filings with this Court, evidence was presented that a finding was made in Mexico that Gallo's trade dress infringed on Proximo's. In the findings and recommendations, the magistrate judge acknowledged that this action was distinguishable from *Secalt* based on the foreign court's ruling that "Gallo's three dimensional bottle design could not be registered in Mexico because its similarity to the 1800 design could result in public confusion." F&R, p. 11. This Court finds this distinction between the instant action and *Secalt* to be significant. The finding in favor of Proximo and against Gallo in the foreign forum supports Proximo's position that it pursued its claims in good faith and that it had a colorable infringement claim based on fact.

Moreover, the plaintiff in *Secalt* failed to present colorable claims of law and fact as to the entire trade dress. The appellate court in *Secalt* noted that although the plaintiff did not ultimately prevail "were it able to provide some legitimate evidence of nonfunctionality, this case would likely fall on the unexceptional side of the diving line." *Id*. at 688. Here, although Proximo ignored an essential element of its infringement claim, it produced extensive argument and evidence to support its position regarding the other elements of the infringement claim, including all factors related to likelihood of consumer confusion. Moreover, Proximo did make one statement in a separate section that appeared to suggest that the bottle was distinctive based on the trademark registration of the bottle shape and unique bottle cap design. Although it was ultimately unsuccessful in its arguments, Proximo did present arguments that were not frivolous and raised some questions of law and fact. *See Boney*, 127 F.3d at 827 (prevailing defendant not entitled to attorneys' fees where plaintiff's action was not frivolous and raised debatable issues of law and fact).

In addition, this Court considers that Proximo did not pursue this action vexatiously or unreasonably. Indeed, Proximo did not initiate this action, fought against this Court's jurisdiction over Gallo's Declaratory Judgment Act claim, and only then asserted its Lanham Act claims as compulsory

8

counterclaims. Although some discovery tactics were questionable, and are not condoned by this Court, this Court does not find evidence that Proximo continued litigation of its infringement counterclaims with knowledge that it had no basis in fact and law to do so.

For all of these reasons, this Court finds that this action falls on the "unexceptional side of the dividing line," *Secalt*, 668 F.3d at 687, and is not "exceptional" within the meaning of the Lanham Act. For these reasons, Gallo's motion for attorneys' fees is denied.

## Conclusion and Order

For the foregoing reasons, this Court:

1. ADOPTS in part the findings and recommendations;
2. REJECTS in part the findings and recommendations; and
3. DENIES Gallo's motion for attorneys' fees (Doc. 310).

IT IS SO ORDERED.

**Dated:   August 23, 2012**           /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE

9